ZEITER *vs.* BOWMAN and LINSCOTT.

Although a chattel mortgage is not assignable or negotiable, at law, yet a party taking an assignment of such an instrument acquires rights, and an interest in the debt secured and the property pledged, which courts of law as well as of equity will recognize and protect.

The maxim *pendente lite nihil innovetur* prevails to the extent that whoever purchases or acquires the title to property *pendente lite*, takes it subject to any decree which may be made in respect to it, in the pending suit.

Where, during the pendency of a foreclosure suit, a person takes a lease of the mortgaged premises, from the mortgagor, and gives to him a chattel mortgage to secure the rent, and the chattel mortgage is subsequently assigned to a third person, the assignee takes the assignment subject to all the equities and legal infirmities which can attach to it by reason of the final decree in the foreclosure suit, although he is not a party to such suit. But he is not bound by any proceeding to compel the tenant to attorn to a receiver and pay rent to him, unless he has notice of the application, and an opportunity to be heard.

So far as the claim of such assignee, under his chattel mortgage, is concerned, he stands in the place of the landlord and lessor, and is entitled to be heard on an application for an order to appoint a receiver, and directing the tenant to attorn and pay rent to such receiver.

A court of equity will examine the equities of the several claimants of the rents, issues and profits of mortgaged premises during the pendency of proceedings to foreclose the mortgage; without reference to the time of the accruing of the equities, and whether they accrued *pendente lite*, or before the commencement of the proceedings. *Per* ALLEN, J.

Where a mortgagee has neglected to take a specific pledge of the rents and profits of the mortgaged premises, for the security of his debt, he has no equitable right to them, as against the assignee of a chattel mortgage given by the tenant to the mortgagor, to secure the payment of the rent.

And when, in such a case, the mortgagee obtains an order upon the tenant to attorn to a receiver appointed in a foreclosure suit, all that the mortgagee is entitled to is the immediate possession of the premises, as security for the payment of his debt.

If the tenant has gone into possession *pendente lite*, the mortgagee is entitled to an order that he yield possession, or pay rent from that time to a receiver. But he has no right, in any event, to an order—especially as against the equitable rights of others—which will in effect vest him with the possession, *nunc pro tunc*, as of a time anterior to the application.

DEMURRER to replication. The declaration was in replevin for one wagon, one plough, one cow, and other property. The defendants pleaded separately. Bowman pleaded, 1st, the general issue; 2dly, property in himself; 3dly, that previous to the taking complained of, to wit, on the 1st of April, 1847, the plaintiff made and delivered to William N. Weaver, his certain personal mortgage upon the property in question, to secure the payment of $100 on or before the 1st of November, 1847, by which it was covenanted and agreed that in case default should be made in the payment of that sum, or if the mortgagor should attempt to remove or make sale of the goods and chattels, without the consent of the mortgagee, &c. it should be lawful for the mortgagee, with the aid and assistance of any person, to enter upon the premises of the mortgagor, and take and carry away the goods and chattels and dispose thereof, and pay himself out of the proceeds. And it was agreed that the mortgagor should remain in the possession of the property, until default should be made. That after the execution and delivery of such mortgage, and before the taking in the declaration complained of, to wit, on the 15th of April, 1847, Weaver, for a valuable and sufficient consideration, in due form assigned the said mortgage, and the demand secured thereby, to the defendant Bowman; that the mortgage and assignment, at the times of the execution thereof, respectively, were duly filed in the office of the clerk of the town of Deerfield, where the plaintiff resided; *of which assignment the plaintiff, at the time of the execution thereof, had notice;* and that after such assignment, and before, and at the time of the taking in the declaration complained of, the amount of money secured by the mortgage was due and

Zeiter *v.* Bowman.

owing by the plaintiff to the defendant, and while it was so due and unpaid, to wit, on the 31st of March, 1848, the defendant Bowman being the bona fide owner and holder of the mortgage, delivered the same to the defendant Linscott, a deputy sheriff, to seize and levy upon the mortgaged property, sufficient to pay the debt then due upon such mortgage to the defendant Bowman; and that Linscott thereupon levied upon the property in the declaration mentioned, each and every part of which was included in the mortgage, for the purpose of selling the same at public auction, pursuant to the terms of the mortgage, to make the amount due on the mortgage, as he lawfully might; which was the same taking, &c.

To this plea the plaintiff replied that the said William N. Weaver, previous to the giving of the chattel mortgage, to wit, on the 1st of April, 1847, demised and leased to him, the plaintiff, certain premises situate in the town of Deerfield, for the term of one year, at the rent of $100, fifty dollars payable on the 25th of August, 1847, and the residue on the 1st of November, 1847. That thereupon the plaintiff executed and delivered to said Weaver the said chattel mortgage, to secure to him the payment of the rent aforesaid, and for no other purpose; that the plaintiff then resided, and still resides, in the town of Deerfield, Oneida county, and that the mortgage was filed by Weaver in the clerk's office of the county of Oneida, in the city of Utica, and not in the office of the clerk of the town of Deerfield. That Weaver, prior to the demising of the premises to the plaintiff, to wit, on the 7th of April, 1846, executed and delivered to one Amasa Weaver, a valid mortgage on said premises, to secure the payment of $1700, part of the purchase money thereof, payable, $1000 on the 18th of March, 1847, with interest, and $700 on the 18th of March, 1848, with interest; which mortgage was duly recorded on the 5th of June, 1846; that on the 27th of March, 1847, no part of the principal or interest having been paid on said mortgage, the said Amasa Weaver filed his bill in the court of chancery, against the mortgagor, and others having prior and subsequent liens on the mortgaged premises, to foreclose the mortgage. That on the same day the said Amasa

Weaver caused to be duly filed in the clerk's office of Oneida county, a notice of the pendency of such suit; that on the 23d of August, 1847, and during the pendency of such suit, the said Amasa Weaver presented a petition for the appointment of a receiver in such suit, and praying that the mortgagor, William N. Weaver, might be required to deliver to the receiver the lease entered into by the said William N. Weaver with the plaintiff, and also the chattel mortgage, and that the said William N. Weaver, and the said plaintiff, and any person who might become tenant of the premises previous to the sale under the decree of foreclosure, might be required to attorn to such receiver, and to pay to him the rents and profits thereof; that on the 24th of August, 1847, an order was made, appointing Horace R. Bigelow receiver in that suit, according to the prayer of such petition; that the said receiver having given and filed the bond required by the order of the court, the plaintiff attorned to him, as tenant of the said premises, in pursuance of, and in obedience to such order; and paid to such receiver the rent reserved to be paid to the said William N. Weaver in the lease so given as aforesaid, and secured by the said personal mortgage, previous to the taking of the goods by the defendant; and that notice of the assignment of the chattel mortgage was never given to the plaintiff; concluding with a verification.

To this replication the defendant Bowman demurred, and specified the following causes of demurrer. 1. That the facts set forth in such replication were no sufficient answer to the matters pleaded in the defendant's third plea. 2. That the replication was bad for duplicity, in that it stated and set forth more than one pretended answer to such plea. 3. That it did not appear in or by the said replication that the defendant was in any way a party to the foreclosure suit mentioned in the replication.

The pleadings between the plaintiff and the defendant Linscott were substantially the same as the above; Linscott justifying the taking of the goods as deputy sheriff, in pursuance of Bowman's directions, under and by virtue of the chattel mortgage.

*C. A. Mann,* for the plaintiff.   I.  Bowman took the assignment of the personal mortgage *pendente lite*, and subject to all the equities and rights which could attach to it in the hands of Weaver, his assignor.   II.  The order for the appointment of a receiver of the rents and profits was valid, as against all the parties in the foreclosure suit, and all persons who had acquired any interest in the subject matter of that suit *pendente lite*, and payment of rent by Zeiter to the receiver was a valid payment of the rent, and a discharge and satisfaction of the personal mortgage given to secure the rent.   III.  The replication is not bad for duplicity ; as all the facts averred tend to one single ground of defence.   IV.  The 151st section of the code of procedure, which was made applicable to pending suits, declares that the court shall, in every stage of an action, disregard any error or defect in the pleadings which shall not affect the substantial rights of the adverse party.   If the objection as to duplicity is well taken, it is obviated by this provision of the code.

*C. A. Doolittle,* for the defendants.   I.  The replication, to be good, must show a state of facts which at law extinguishes the demand the defendant Bowman had against the plaintiff, and the lien he had on his property.   II.  The personal mortgage was a good and valid security, as against the mortgagor, whether it was filed or not.   III.  The personal mortgage, and the demand secured by it, were assigned to the defendant Bowman before the foreclosure suit was commenced ; and it does not appear that he ever had any notice of the foreclosure suit or the pretended payment to the receiver.   IV.  The defendant Bowman was not a party to the foreclosure suit.   His rights, therefore, cannot be affected by it.   A valid lien held by him on the property of the plaintiff could not be impaired or destroyed by the determination of a suit to which neither the plaintiff nor the defendant were parties, and of which they had no notice. V.  It does not appear by the replication that a case existed for the appointment of a receiver, or that the court had jurisdiction to appoint one.   The order appointing the receiver was obtained without notice, or rather it does not appear it was obtained on

notice to any one. (8 *Paige*, 565, 568. 5 *Id.* 38. 3 *Edw.* 588. 1 *Barb. Ch. Pr.* 660. 5 *Cowen*, 202.) VI. It is alleged in the plea, and not denied in the replication, that the plaintiff, at the time the assignment was made, had notice that the demand, the payment of which was secured by the personal mortgage, was assigned to the defendant Bowman. VII. It is not pretended in the replication that the plaintiff did not know the personal mortgage was assigned to the defendant; although the plaintiff avers "notice of the assignment of the personal mortgage was never given to him." VIII. If the debtor knows, or has good reason to suspect, a demand not negotiable has been assigned, a payment to the original creditor, after the assignment, will not discharge the demand, although no notice has been given him of such assignment. (12 *John.* 343. 9 *Id.* 64. 1 *Cowen's Tr.* 61.)

*By the Court*, ALLEN, J. Although the chattel mortgage under which the defendants seek to justify was not assignable or negotiable at law, still by the assignment Bowman had acquired rights and an interest in the debt secured and the property pledged, which courts of law as well as of equity will recognize and protect. (*Jackson* v. *Blodget*, 5 *Cowen*, 202. *Anderson* v. *Van Allen*, 12 *John.* 343. 9 *Id.* 64.) The replication does not aver that Bowman was a party to the suit for the foreclosure of the mortgage, or had notice of, and an opportunity to be heard on, the application for the order under which the plaintiff claims to have paid rent to the receiver in that suit, and by such payment to have discharged the chattel mortgage under which the defendants claim the property in question.

But it is claimed on the part of the plaintiff that he, having rented the mortgaged premises and given the chattel mortgage to secure the rent after the commencement of the suit to foreclose the mortgage, all parties are bound by the order of the court requiring him to attorn to the receiver in that cause. The maxim *pendente lite nihil innovetur* prevails to the extent that whoever purchases or acquires the title to property *pendente lite* takes it subject to any decree which may be made in respect to

it in the pending suit. (*Story's Eq. Jur.* §§ 405, 6, 908, *and note* (5) *to last section.*)   But the order under which the plaintiff claims to have satisfied the mortgage of Bowman, by payment to a third person, was not a decree in that suit affecting the title to the property in litigation, but was an interlocutory order made in a proceeding collateral to the principal cause, and not necessarily incident to that suit.   The defendant Bowman doubtless took the assignment of the chattel mortgage subject to all the equities and legal infirmities which could attach to it by reason of the final decree in the cause, although he was not a party to the suit, but he was not bound by any proceeding to compel the tenant to attorn and pay rent to the receiver, without notice of the application, and an opportunity to be heard.   (*Sea Ins. Co.* v. *Stebbins,* 8 *Paige,* 567.)   So far as his claim under the chattel mortgage was concerned he stood in the place of the landlord and lessor, and was entitled to be heard on the application.

A court of equity will examine the equities of the several claimants of the rents, issues and profits of mortgaged premises during the pendency of proceedings to foreclose the mortgage, without reference to the time of the accruing of the equities, and whether they accrued pendente lite or before the commencement of the proceedings.   It is not a claim of right on the part of the complainant, founded upon his contract, but an equitable claim addressed to the sound discretion of the court; and in this respect it differs from his claim to a decree for foreclosure of the mortgage and sale of the mortgaged premises.   The complainant in the foreclosure suit had neglected to take a specific pledge of the rents and profits of the mortgaged premises, for the security of his debt, and he therefore had no equitable right to them as against Bowman. (*Bank of Ogdensburgh* v. *Arnold,* 5 *Paige,* 38.)   This was undoubtedly true as to the rent which had accrued up to the time of the application for the order upon the tenant to attorn ; and all that the complainant then had a right to was a right to the immediate possession of the premises as security for the payment of his debt ; that is, he was only entitled to an order against the tenant, the plaintiff in this suit, that he, having gone into possession pendente lite, yield

Zeiter *v.* Bowman.

possession or pay rent from that time, to a receiver. But he was not entitled in any event to an order, especially as against the equitable rights of others, which should, in effect, vest him with the possession nunc pro tunc as of a time long anterior to the application.

In no event can the order be held to have authorized the payment to the receiver of rent as for the use and occupation for time past; and if the order was valid as against Bowman as to the residue of the time, the rent should have been apportioned and a pro rata share paid to Bowman as the assignee; and that not having been done the seizure of the goods by the defendants was justified; and the replication is bad.

But we think that the defendant Bowman was not bound by the order, or the acts of the plaintiff in obedience to it. It was the duty of the plaintiff, having notice of Bowman's rights, to give him notice of the proceeding; and if such notice had been given and the application opposed, there is but little reason to suppose that it would have been successful. The whole amount of the mortgage money was not due, and as against third persons having equitable rights, it would have required a peculiar case to authorize the order. (*Bank of Ogdensburgh* v. *Arnold, supra.*) But we can not review that order. It is sufficient that Bowman was not a party to the suit, and had no notice of the application for an order which it is now claimed so seriously affected his right, not to the property in dispute but to an independent security.

Judgment must be given for the defendants on the demurrer, with leave to the plaintiff to amend on payment of costs.