THOMAS C. SMITH et al., Administrators, etc., Respondents, *v.*
MARY C. DUNNING, Appellant.

In an action upon contract against a married woman, it is not necessary to set up in the complaint her coverture, or that she has a separate estate, but the action may be brought and judgment perfected in the same manner and form as if she were a *feme sole*.

The coverture is matter of defence to be set up in the answer, if available.

(Submitted May 26, 1874; decided September term, 1874.)

APPEAL from judgment of the General Term of the Supreme Court in the third judicial department, affirming a judgment in favor of plaintiffs, entered upon a verdict.

This action was upon a promissory note, dated January 2, 1863, signed by the defendant. The defence was that the defendant was a married woman when she gave the same, and that she gave it as surety for her husband.

It appeared upon the trial that plaintiff's intestate sold a span of horses, making the bargain with Daniel W. Dunning, defendant's husband, and took in payment for them one yoke of oxen and this note. Defendant owned a farm, the husband not being solvent, and he carried on the farm for her.

The question of fact litigated at the trial was, whether the horses were bought for the defendant or her husband, and the court charged the jury that if the horses were bought for Mr. Dunning, and this note was given for his debt, the defendant was not liable. Further facts appear in the opinion.

*Alexander Cumming* for the appellant.

*Moses & Freeman* for the respondents. The complaint was properly framed. (*Heir* v. *Staples*, Alb. L. J., July 5, 1873.)

EARL, C. This case was submitted to the jury under a proper charge from the judge who presided at the trial, and we must assume that the jury found all the facts which there was evidence tending to prove. It was proven by two witnesses that, within a few days after the note was given, the defendant claimed to own the horses purchased. She said to one of them, that the oxen traded for the horses belonged to her; that she traded them for the horses, and gave her note for the boot money; that she got them for a team and wanted them to work, and did not want to trade them off. It appeared also that the horses were actually worked some upon her farm. Although these facts were much controverted, we must assume them to be true. She owned and carried on a

farm, bought a span of horses for use upon the farm, and gave this note for a portion of the purchase-price, and the question is, whether she is liable upon it notwithstanding her coverture? This question has been so thoroughly settled in this State that no further discussion of it is necessary. (*Yale* v. *Dederer*, 18 N. Y., 265; S. C., 22 id., 450; *Corn Exchange Ins. Co.* v. *Babcock*, 42 id., 593; *Bodine* v. *Killeen*, 53 id., 93; *Frecking* v. *Rolland*, id., 422.) She was bound by the note and could be sued upon it, as if she were unmarried.

It was wholly unnecessary to allude in the complaint in any way to her coverture or her separate estate. Her coverture was matter of defence to be set up if available, and the judgment against her is properly the same in form and effect as if she were unmarried.

The judgment must therefore be affirmed, with costs.

All concur.

Judgment affirmed.