THE SECOND NATIONAL BANK OF WATKINS, Appellant, *v.* GABRIELLA MILLER, impleaded, etc., Respondent.

A promissory note in the ordinary form, signed by a married woman made payable to the order of her husband, and indorsed and presented for discount by him, is *prima facie* a nullity; to give it vitality and effect it must be made to appear by evidence *aliunde* the instrument that it was made in her separate business or for the benefit of her separate estate.   The fact that she owns separate estate is not alone sufficient to give it validity.

Accordingly, *held,* in an action upon two such notes against the maker, that a charge to the jury to the effect that the fact that defendant gave the notes to her husband with a view of having them discounted was calculated to convey the impression that she was the principal, and whatever was done was for her benefit, was error.

(Argued December 7, 1875; decided December 21, 1875.)

THIS action was brought upon two promissory notes executed by defendant, a married woman, as maker, made payable to the order of her husband, and presented by him to plaintiff for discount. It appeared that defendant had a separate estate.   The court submitted to the jury the single question whether the promissory notes in suit were used in conducting and carrying on the separate estate of Mrs. Miller and in reference to her separate business, or whether her credit was lent to her husband and the notes given for his benefit and in his business.   The court charged the jury,

among other things, in substance, that the fact that defendant had given to her husband the notes in suit with a view of having them discounted by plaintiff was calculated to convey the impression to them that she was the principal, and that whatever was done was for her benefit. *Held*, error; that the presumption was that the notes were nullities, and no implication, presumption or impression that she was to be benefited by them in her business or estate could be drawn from their form, and from the fact that she had given them to her husband for the purpose of having them discounted, but that, in order to charge her, it must be made to appear by evidence *aliunde* the instruments that they were in fact made in her separate business or for the benefit of her separate estate.

The court also charged, in substance, that the plaintiff's cause of action was conceded; that it was upon the defendant to overthrow the case thus made out, and that she must give the jury more perfect proof of the validity of her defence than the plaintiff had given that it was not valid; and that in case of doubt the plaintiff was entitled to the benefit of the doubt. *Held*, error.

*James E. Dewey* for the appellant.

*J. McGuire* for the respondent.

FOLGER, J., reads for affirmance of order granting a new trial and for judgment absolute against plaintiff on stipulation.
All concur; MILLER, J., not sitting.
Order reversed and judgment accordingly.