HIRAM BAKER, RESPONDENT, *v.* JANE LAMB, APPELLANT.

*Married women — land conveyed to husband and wife — interest of wife therein not a separate estate — false representations.*

Where a farm has been conveyed to a husband and wife jointly, the wife is not seized of a sufficient separate estate therein to enable her to charge the same with the payment of a promissory note made by her.

*Semble*, that a married woman cannot give herself capacity to contract by falsely representing that she has it and is not estopped by such representations.

*Semble,* that although a debt may be charged upon the estate of a married woman by parol, yet this can only be done when the debt itself exists only by parol and the intent to charge the separate estate forms a part of the contract.

APPEAL from a judgment in favor of the plaintiff, entered upon the report of a referee.

This action was brought upon the following note, executed by the defendant, a married woman:

"$100.      BAINBRIDGE, CHENANGO Co., N. Y., *March* 21, 1870.

"Eight months after date, for value received, I promise to pay to the order of Hiram Baker $100, with interest.

               (Signed)       " JANE LAMB."

*Belknap & Edson,* for the appellant. The defendant had no separate estate. (*Albany Fire Ins. Co.* v. *Bay,* 4 N. Y., 11; 4 Barb., 407, 414; Bouviers' Law Dic., "Separate Estate;" *Farmers and Mech. Nat. Bk. of Rochester* v. *Gregory,* 49 Barb., 155; *Gotel* v. *Gosi,* 31 id., 314 – 319; *Wright* v. *Sadler,* 20 N. Y., 32, 34; *Torrey* v. *Torrey,* 14 id., 430; *Freeman* v. *Barber,* 3 S. C. [T & C.], 574; Willard on Real Estate, 180, 182; *Beach* v. *Hollister,* 3 Hun, 519.)

*Bundy & Scrambling,* for the respondent. When the consideration of a debt contracted by a married woman is one going to the direct benefit of her estate, or for the benefit of herself on the credit of her estate, the intention to charge the separate estate need not be stated in the contract or instrument evidencing the indebtedness. (*Quassaic Bank* v. *Waddell,* 1 Hun, 125, and case cited; *Miller* v. *Hunt,* 1 Hun, 491; *Kelley* v. *Long,* 1 id., 714; *Owen* v. *Griffin,* 2 id., 670; *Williamson* v. *Dodge,* 5 id., 497; *Kelley* v. *Long,* 4 N. Y. S. C. [T. & C.], 164; *Maxon* v. *Scott,* 55 N. Y. 247; *Carpenter* v. *O'Dougherty,* 50 id., 660; *Smith* v. *Dunning,* 61 id., 249; *Spencer* v. *Humiston,* 16 N. Y. R. [9 Hun], 71.) Even if the money borrowed was not in fact used for the benefit of her separate estate, the representations made by her that she wanted it for that purpose would make her liable. (1 Hun, 714, above cited, and same case fully reported in 4 T. & C., 164, also above cited; *Hier* v. *Staples,* 51 N. Y., 136.)

BOARDMAN, J. :

This action is upon a promissory note in the ordinary form given by the defendant to the plaintiff for $100. The defendant, who was and is a married woman, answered, setting up her coverture and that the note was not given for the benefit of her separate estate, and was not made a charge thereon. The referee finds the coverture as alleged; that defendant had a separate estate prior to 1867; that, in that year, $1,000 of her separate estate was expended in connection with moneys of her husband in the purchase of a farm which was deeded to the defendant and her husband jointly; that they have since lived on such farm, their interests remaining the same therein; that the remainder of defendant's separate estate has been expended in the support of the family, and that she had no other separate estate, except the interest in said farm. The referee also finds that defendant asked for the loan of said money for the benefit of her separate estate, viz., to improve the dwelling-house on said farm, and to pay for a horse then used thereon, and plaintiff loaned the money for such purposes. Upon these facts, and others not contested, the referee found plaintiff entitled to recover the amount of the note and interest.

Upon the facts as found, it is apparent the defendant had no separate estate to be benefited by, or charged with, the payment of the note in suit. All she had was in the farm, the title to which was in her husband and herself jointly. That did not constitute for her a separate estate. (*Firemen's Ins. Co.* v. *Bay*, 4 Barb., 414; S. C., 4 N. Y., 11.) The husband and wife do not hold as joint tenants or tenants in common, but by entireties. They hold as one person. Neither has a separate or divisible interest. Neither can sell the entire fee without the consent of the other; and during their joint lives the husband is entitled to the possession, rents, issues and profits. (*Farmers, etc., Bank* v. *Gregory*, 49 Barb., 162; *Beach* v. *Hollister*, 3 Hun, 519, and cases cited; *Torrey* v. *Torrey*, 14 N. Y., 430.)

The defendant having no separate estate or property, her promissory note was a nullity. Except she possessed property to be benefited by her contract, she is not authorized by the acts of 1860 (chapter 90) and 1862 (chapter 172) to make contracts. The only power given to married women, by these acts. is to contract in ref-

erence to their separate estate. If they have no separate estate they have no power to contract in reference thereto. I speak simply of the power to bind themselves by their promissory notes. Such notes are *prima facie* nullities. (*Second Nat. Bank* v. *Miller*, 63 N. Y., 639; S. C., 2 Th. & Cook, 104; *Kinne* v. *Kinne*, 45 How., 68; *Bodine* v. *Killeen*, 53 N. Y., 93.) To remove such presumption of worthlessness, the existence of a separate estate must be shown, and that such note was given for the benefit thereof, or by its terms charges the same with its payment. There being no separate estate to be benefited by the making of this note or charged with its payment, it was invalid.

If the foregoing principles are correct, in their application to this case, a new trial must be granted, and a further consideration of the legal questions raised by counsel would be unnecessary. But, I think it proper to add, that a married woman cannot give herself a legal capacity to contract by falsely representing that she has such capacity. She cannot do that by indirection which cannot be done directly. (*Bodine* v. *Killeen, ante.*) Hence, the defendant is not estopped by her declarations alleged to have been made to the plaintiff when the note was given and the money borrowed.

But if such declarations are relied upon to establish a charge upon separate estate, I think it will not do, for such intention must be expressed in the very contract which is the foundation of the charge. (*Yale* v. *Dederer*, 18 N. Y., 265; S. C., 22 id., 450.) Doubtless the charge may be created by parol, but only when the contract also is by parol, and the intent to charge the separate estate is a part of such contract. (*Maxon* v. *Scott*, 55 N. Y., 247, 251.)

For the reasons assigned the judgment must be reversed, a new trial granted, costs to abide the event, and the reference discharged.

LEARNED, P. J., and BOCKES, J., concurred.

Judgment reversed and new trial granted, costs to abide event, and reference discharged.