Adelia K. Broome, Respondent, v. Helen F. Taylor et al., Appellants.

To make a complaint good under the provision of the Code of Procedure (Old Code, § 162 *), providing that in an action upon an instrument for the payment of money, it shall be sufficient to set forth a copy of the instrument and to allege that a specified sum is due thereon, the instrument so set forth must, upon its face, be a complete, valid and binding obligation. Where it is, upon its face, incomplete and invalid, and facts not stated in it, need to appear to show its validity, such other facts must be alleged.

Where a complaint upon a bond shows it to be the obligation of a married woman, it is essential to allege that it was given for some purpose, which would make it binding upon her; it is, *prima facie*, a nullity, and without such averments the complaint does not state a cause of action.

The complaint herein alleged that defendants executed their bond under seal, a copy of which was set forth, and alleged that there was due plaintiff a specified sum thereon, for which judgment was demanded. The bond was joint and several; in it the obligors are described as husband and wife, as they are also in the title of the cause. Defendants demurred separately. *Held*, that as to the husband, the complaint was good and the demurrer was frivolous; but that, as to the wife, a cause of action was not stated, and her demurrer was well taken.

*Broome* v. *Taylor* (9 Hun, 155), reversed as to defendant Helen M. Taylor.

(Argued March 21, 1879; decided April 1, 1879.)

Appeal from judgment of the General Term of the Supreme Court, in the second judicial department, affirming

---

* See similar provision of the Code of Civil Procedure. New Code § 534.

a judgment in favor of plaintiff, entered upon an order over-ruling demurrers to the complaint and directing judgment thereon. (Reported below, 9 Hun, 155.)

The substance of the complaint is stated in the opinion.

*Samuel J. Crooks*, for appellants. The bond, being upon its face the naked promise of a married woman, is void. (*Corn Ex. Ins. Co.* v. *Babcock*, 42 N. Y., 613, 620, 632; *Gosman* v. *Cruger*, 7 Hun, 60; *Eanslapere* v. *Kitchen*, id., 621; *Owen* v. *Cowley*, 36 N. Y., 600, 603; *Man. B. and M. Co.* v. *Thompson*, 58 id., 80; *Second Nat. Bk.* v. *Miller*, 63 id., 639.)

*James E. Broome*, for respondent. It is not necessary that a complaint against a married woman should contain special allegations in regard to her separate property or business. (*Willsey* v. *Hutchins*, 10 Hun, 502; *Frecking* v. *Rolland*, 53 N. Y., 422, 426; *Smith* v. *Dunning*, 61 id., 249; *Westervelt* v. *Ackley*, 62 id., 507.)

Earl, J. The complaint alleges that on the 1st day of December, 1868, the defendants made and delivered to the plaintiff their sealed bond, a copy of which is set out. The bond is in the common form of a money bond conditioned to pay $10,000. In it the defendants are described as husband and wife, as they are also in the title of the cause. After setting out the bond, the complaint further states "that there is due to the plaintiff, on the said bond, from the defendants the sum of $10,000, with interest," etc., for which she demands judgment. The defendants appeared separately, and each separately demurred to the complaint, on the ground that it did not state facts sufficient to constitute a cause of action.

It is claimed on behalf of the plaintiff that the complaint is sufficient, under section 162 of the Old Code, which pro-vides that "in an action or defense founded upon an instru-ment for the payment of money only, it shall be sufficient

for a party to give a copy of the instrument, and to state that there is due to him thereon from the adverse party a specified sum which he claims." The court below held that that section applied to this case, and that both demurrers were frivolous ; and on that account judgment was given for the plaintiff against both defendants.

The bond set out in the complaint is joint and several ; and hence, this is a case where a separate action could have been commenced against each obligor ; and in an action against both, judgment could be given for one and against the other. (Old Code, § 274 ; *Brumskill* v. *James*, 11 N. Y., 294 ; *Harrington* v. *Higham*, 15 Barb., 525; *Parker* v. *Jackson*, 16 id., 33.)

This is a good complaint against the husband. It shows a valid obligation against him ; and hence, his demurrer was frivolous, and judgment was properly given against him.

If the complaint had not shown that the defendant, Helen, was a married woman, it would have been good against her ; and, in that case, in order to avail herself of the defense of coverture, it would have been necessary for her to set it up in her answer : (*Smith* v. *Dunning*, 61 N. Y., 249; *Frecking* v. *Rolland*, 53 N. Y., 422.) But the complaint shows that the bond is the obligation of a married woman ; and there is no allegation showing that it was given for any purpose that would make it binding upon her. As to her, the bond is *prima facie* a nullity ; and hence, the complaint does not show a cause of action against her : (*The Second National Bank of Watkins* v. *Miller*, 63 N. Y., 639 ; *Nash* v. *Mitchell*, 71 id., 199.) To make a complaint good under the section of the Code above cited, the obligation must, upon its face, be a complete, valid, binding obligation ; and then it is sufficient to set it out and state the amount claimed to be due thereon. But when the obligation is, upon its face, incomplete or invalid, and other facts, not contained in it, need to be stated to show its validity, then it is not sufficient merely to set it out, but such other facts must also be alleged.

This complaint did not, therefore, state a good cause of action against the wife, and her demurrer was well taken.

The result is, that so far as the judgment below is against the defendant, James, it must be affirmed, with costs ; and so far as the judgments of the Special and General Terms are against the defendant, Helen, they must be reversed, with costs.   This will leave the issue of law joined by the demurrer of the defendant, Helen, to be disposed of in the trial court, unless the plaintiff shall obtain permission to amend her complaint.

All concur.

Judgment accordingly.