Barrett, J.
I still think the case within the principle laid down in National Bank of Watkins v. Miller (63 N. Y. 639).
But apart from that, it is apparent that the contract was with the husband only in form. It was really intended for the benefit of the plaintiffs, as is ■evidenced by the very condition embodied in the instrument. Further, it was in no sense wanting in ■consideration. “Value received” is specified, and it is admitted that the indorsement to plaintiff was also “for value.”
As to the husband, treating it as a non-negotiable note, he is still liable under Cromwell v. Hewitt (40 N. Y. 491), and Richards v. Warring (4 Abb. Ct. App. *259 Dec. 47). He may, under these cases, be treated as one of the makers of the note.
This corresponds with the real facts, and thus the contract is, in substance, the note of both husband and wife given to the plaintiffs for value, on which he is liable generally, and she, because she has charged her separate estate.
Judgment for the plaintiff against both defendants.
Ho appeal was prosecuted;*

 Special Term and Chambers, Januarry, 1880.
Motion to cancel a Us pendens.
A few days after entry of judgment on the above decision the defendants, on an affidavit showing that they had just discovered that a lis pendens had been improperly filed in the action, obtained an order to show cause why it should not be removed.
Upon the hearing of the motion the plaintiffs showed, by affidavit, that between the time of.the filing of the above decision and the entry of judgment, the defendant, Mrs. Rawson, had executed a mortgage for $6,000 upon the property mentioned in the note; that if the Us pendens was vacated it would render their judgment valueless, and that an appeal from that judgment was pending.
The Us pendens was as follows:
[ Title of the cause.]
“ Notice is hereby given, that an action has been commenced in this court upon a complaint of the above-named plaintiffs, being co-partners in said city, under the firm name of J. J. Little & Co., at the times herein mentioned, upon a certain promissory note made by the said defendant, Emma Rawson, in letters and figures as follows, that is to say:

{Sere follows a copy of the note as above in the text.]

“ Said note having been indorsed by said defendant, A. L. Raw-son, and delivered so indorsed by him upon the making thereof and before maturity to the plaintiffs, the present holders, for value, and duly protested at its maturity for non-payment on presentation for payment at such maturity, and the same remaining wholly unpaid and unsatisfied, the mortgage therein mentioned never having been executed.
“In which action the plaintiffs demand judgment thereupon for the sum of $1,000 and interest thereon from December 10, 1878, and $1.35 costs of said protest, with costs of said action.
“Whereby the following real property is intended to be affected; *260 the same being the property mentioned and referred to in said note, and bounded and described as follows, that is to say:”

[Here followed the description of the property as in a deed.] •

Herman H. Shoolc, for defendants and motion.
Eager H. Lyon, for plaintiffs opposed.—By the terms of the note in question the defendant, Emma Rawson, has created an equitable lien or charge on her separate property, to wit, the property therein mentioned and covered by the Us pendens, sufficient to sustain a notice of lis pendens in this action. Sanders v. Warner, 3 W. E. Weelcly Big. 507; Scudder v. Van Amburgli, 4 Bdw. Gh. 891; Murray u. Lylburn, 2 Johns. Gh. 441; Thoms v. Southard, 2 Dana, 480; Diamond v. Lawrence Co., 87 Penn. 858; Jeffres v. Cochrane, 48 JY. Y. 671. The case of Holbrook v. Zinc Co., 57 JY. Y. 627, being with reference to stock negotiable, is to be distinguished from the present case. See review of authorities in that case.
This case being concerning achose in action containing a special reference to the real estate, as well as having its clause charging such estate with its payment, brings it within the rule of Chancellor Kent in case of Murray v. Lylburn, supra, and other cases where lis pendens is allowed. Mills v. Bliss, 55 JY. Y. 139, and cases cited; Willard Bg. 252, and cases cited. The form of the prayer in the complaint is immaterial; execution would have to issue on the judgment in either *261 case. Geery ». Geery, 63 B. Y. 252. Plaintiff’s right to file the Us pendens was absolute. Mills v. Bliss, supra; Code of Pro. § 132, and Bliss Botes, 1,031. This right becomes the more important in this case because the maxim pendente lite nihil moveatur prevails to the extent that whoever purchases or acquires title in property pendente lite takes it subject to any decree or judgment which may be entered in respect to it. Bliss Code, 1,031, § 132, and cases cited. Zeiter v. Bowman, 6 Barb. 133, and cases. Story Eg. 10 ed. §§ 405, 406, notes 1, 6, p. 391, 396 and cases, § 908; Sander v. Warner, supra. It is when the action is settled, discontinued, or abated, and on good cause shown, that the court will order the notice canceled. Bliss Code, p. 1,031, § 132; Mills v. Bliss, supra.
Van Vorst, J., denied the motion with costs.
See further section 1674 of the Code of Civil Procedure.