CHARLES BLOOMINGDALE, BENJAMIN BLOOMINGDALE AND ISAAC RHINE, APPELLANTS, *v*. BABETH LISBERGER, RESPONDENT.

*Married woman — when her separate estate is not charged with the payment of her notes — assignment by, of a policy of insurance upon the life of her husband.*

The defendant's husband and others being indebted to the plaintiffs for goods previously sold and delivered, the defendant, to procure an extension of the time of payment, joined with her husband in making, in the State of Virginia, four promissory notes payable at future periods in the State of Pennsylvania. The notes did not expressly charge the defendant's separate estate with their payment, and by the laws of Pennsylvania and of this State she was not

liable upon them, although by the laws of Virginia contracts so executed are held to be a charge upon the separate estate of a married woman. The defendant at the time possessed no separate estate except two policies of insurance issued upon the life of her husband, by companies incorporated under the laws of this State, which were payable to her. At the time of the making of the notes the defendant's husband in her presence, informed the person who took them of the existence of the policies. Thereafter her husband died.

In an action upon the notes:

*Held*, that the question whether the giving of the notes under the circumstances of the case operated to charge, with their payment, the amount due to the defendant upon the policies, was to be determined by the laws of this State, as the companies issuing the policies existed under its laws.

That if the policies were within the protection of the acts authorizing married women to insure the lives of their husbands (chap. 187 of 1858, as amended by chap. 656 of 1866) no charge was created, as the mode of assigning the wife's interest, prescribed by chapter 821 of 1873, had not been complied with.

That if they were not within the protection of the said acts, then, as the premiums were probably paid by the husband, the policies belonged to him and could only be reached by proceedings instituted against his personal representatives.

APPEAL from a judgment in favor of the defendant, entered upon the report of a referee.

*Chambers, Boughton & Prentiss,* for the appellants.

*B. F. Einstein,* for the respondent.

DANIELS, J.:

This action was brought to recover the amount unpaid upon four promissory notes made by the defendant and S. Lisberger, her husband, payable to the plaintiffs. At the time when they were made he with other persons were indebted to them for goods previously sold and delivered. The notes were payable at future periods of time, and were evidently given to secure the extension of the term of credit and that was sufficient to constitute a lawful consideration for them on behalf of the present defendant; for forbearance of the time of payment of a debt is a legal consideration for the liability of a third party in form becoming bound for its payment. (*Grocers' Bank* v. *Penfield,* 7 Hun, 279; affirmed, 69 N. Y., 502.) But as the defendant was at the time when she signed the notes a married woman, the fact that a proper consideration

for them existed was not enough to render her liable for the payment of the debt according to the laws of this State. (*Second National Bank of Watkins* v. *Miller*, 63 N. Y., 639.) And it is conceded in the case that the law is substantially to the same effect in the State of Pennsylvania where these notes were made payable. Neither under the laws of this State nor those of Pennsylvania, therefore, did the defendant become liable for the payment of these notes, inasmuch as no charge was in terms made of the amount payble upon her separate estate. But in the State of Virginia, where the notes were made, the obligations of a married woman upon contracts of this form and nature, subscribed by her merely as the surety of her husband, have been held to be a charge upon the separate estate owned by her at the time. (*Barnett* v. *Hamp's Exr.*, 25 Grat., 481; *Darwell* v. *Smitz' Admr.*, 26 id., 878.) As the defendant was not liable for the debt for which the notes were given before they were executed by her, she became in effect a surety for her husband by subscribing them, and under the law of the State of Virginia the notes were chargeable as against her upon any separate estate at that time owned by her. The question therefore arises whether, under the liability to which she became subjected at the time when she made the notes in the State of Virginia, they can now be enforced against her. Neither at that time nor at any time since then was she the owner of any other property than that of two policies of insurance, effected upon the life of her husband with insurance companies created and doing business under the laws of this State. These policies were obtained by him, but by the terms of each of them they were made payable to the defendant upon the death of her husband. He has since died, and the amount of the insurance is now a valid and subsistent claim in favor of the defendant. By the laws of this state a married woman was authorized to insure the life of her husband in her own name, or that of any other person with his consent, for her sole and separate use, and the insurance so effected was declared to be free from the claims of his creditors, or those of his representatives. (Chap. 187 of the Laws of 1858, as amended by chap. 656 of the Laws of 1866.)

These policies do not appear to have been issued in the name of the wife or that of any third person as her trustee, but as the

amount of the insurance was made payable to her upon the death of her husband, they were still substantially in conformity to this provision of the statutes, and for that reason within its protection the same as though they followed the literal terms of the law as to their form.

They were insurances for her benefit, and as the loss was made payable to her in terms, they were substantially in her name, as they were required to be by the terms of the acts empowering her to effect such insurances. Though not strictly within the language of the law, they were within its spirit and intent, and that appears to have been the legislative understanding of the effect of these provisions by the enactment of chapter 821 of the Laws of 1873. For by that any policy in favor of a married woman has been referred to as within the scope of the authority provided by the statutes allowing her to make insurance for her own benefit upon the life of her husband. (Laws of 1873, ch. 821, § 2.)

It has been urged that her right to the moneys which might accrue to her by the terms of these policies, was in fact subjected to the payment of these notes. But all that transpired upon this subject took place when the notes were signed, and that consisted in the statement made by the husband to the person who took the notes, in which he said in the presence of the defendant, " you are now perfectly safe, because I am insured for ten thousand dollars for her benefit." And what was so said created no charge upon these policies, or the moneys payable to the defendant, by their terms. They were effected in this State in companies exisiting under the laws of this State, and for that reason were controlled as to their disposition by its laws. And while it was provided that a married woman might assign or transfer her interest in such insurances at the time when these notes were made, still that could only be done in the manner prescribed by the statute, and that was either by her last will and testament, or an instrument of that nature, or by a deed duly executed and acknowledged in the same manner as is required by law to pass her dower right in the lands of her husband. (Chap. 821, Laws of 1873, § 2.) No attempt was made whatever to comply with what this statute has prescribed for the purpose of transferring such an interest, and for that reason the plaintiffs did not become entitled to claim it. What was said at the time when

the notes were made was entirely ineffectual for this purpose under this provision of the law. So it was as the preceding statutes were enacted, for by them the policies as well as the amount due upon them were wholly protected against liability for the debts of the defendant's husband. These were his debts and she was simply a surety for their payment, and for that reason they formed no legal claim in favor of the plaintiffs against the moneys held under the terms of these policies. That was held in the case of *Barry* v. *Equitable Life Assurance Society* (59 N. Y., 587).

And the fact that the notes were made in Virginia does not change the application of this principle, because the policies themselves were obtained in this State from insurance companies existing under its laws. (Id., 594.)

Even if it should be held that the insurances were not within the protection of the statutes which have been referred to, because they were not issued in the name of the wife, or that of some other person as her trustee, no change would be made in the rights of the plaintiffs against her. For if the policies were not within the protection of the terms of the statute, then as the premiums were probably paid by the husband they would be his property, capable only of being reached by proceedings against his personal representatives. (Id., 593.) To enable the plaintiffs to maintain their action against the defendant at all, as she had no other separate estate than the right to demand these moneys under the terms of the policies, it was necessary that the debts mentioned in the notes should have been made a charge upon this interest. But that was not done by anything transpiring between these parties. They wholly failed to comply with what has been required for that purpose by the terms of the act of 1873. And because of such failure the provision of the statute declaring that the insurance should be free from the claims of creditors of the husband, apply in their full force to the case, and thereby prevent this indebtedness from becoming a charge upon the moneys due to her under the terms of these policies. The judgment in the case was right, and it should therefore be affirmed.

DAVIS, P. J., and BRADY, J., concurred.

Judgment affirmed