## HAILEY *v.* ANO.

*(Supreme Court, General Term, Third Department.* November 30, 1891.)

1. APPEAL—REVIEW—OBJECTIONS NOT RAISED BELOW.

Plaintiff brought an action in 1889 for trespass on a strip of his land, and taking thence a quantity of hay. Defendant pleaded that he was the owner of the strip from which the hay was taken, and in possession thereof at the time; the strip in question lying between the plaintiff's lot 20 and defendant's lot 19. In a second action between the same plaintiff and defendant's successor in title, plaintiff, to sustain his claim to the strip in question, offered in evidence a judgment in his favor in the first action. No objection was taken by defendant that the trespass sued for was not in respect of the same strip of land as that involved in the second

action, nor that plaintiff in the first was not the same person as plaintiff in the second action. *Held* too late to make such objections on appeal.

2. JUDGMENT—RES ADJUDICATA—EQUITABLE TITLE OF DEFENDANT.
   Objection was made that on the trial of the first action defendant was not shown to have had any title to lot 19 when the hay was taken by him from the strip in question, and that consequently his title to the strip was not drawn in question and adjudicated. It appeared that defendant was then holding lot 19 under a contract of sale, and subsequently, pending the action, acquired complete title thereto under a deed which contained the same description of lot 19 as did the contract of sale, which contract was adjudged insufficient against plaintiff. *Held*, that defendant either availed or could have availed himself of his vendor's rights before actual conveyance; and, such rights having been adjudged insufficient, and the deed in question conveying no greater rights than had been claimed under the contract, the objection of want of legal title in defendant was without merit.

3. LIS PENDENS—ACTION FOR TRESPASS—CONTROVERSY AS TO BOUNDARY LINES.
   The judgment in the first action determined the dispute as to the boundary lines between lots 19 and 20 adversely to defendant. Defendant in the second action acquired title under a conveyance executed pending the first action. *Held*, that the controversy as to the boundary line between lots 19 and 20 did not "affect the title to or the possession, use, or enjoyment of" lot 19, within Code Civil Proc. § 1670, which provides when a *lis pendens* may be filed; and that no *lis pendens* was required to be filed to protect plaintiff against the claims of defendant, a *pendente lite* purchaser.

Appeal from circuit court, Clinton county.

Action by Jeremiah Hailey against Sophia Ano. From a judgment for plaintiff, defendant appeals. Affirmed.

Argued before LEARNED, P. J., and LANDON and MAYHEM, JJ.

*Kellas & Munsill*, (*J. P. Kellas*, of counsel,) for appellant. *S. L. Wheeler*, (*G. H. Beckwith*, of counsel,) for respondent.

LANDON, J. The complaint alleged that in the summer of 1889 the plaintiff was seised and in possession of lot No. 20, township 10, Franklin county; that the defendant then wrongfully entered thereon and cut and carried away a quantity of hay, etc. Defendant, by her answer, in addition to a general denial, alleged title in herself to a portion of lot 19, and that the premises referred to in the complaint were part thereof, and that the acts complained of were done thereon. The testimony tended to show that lots 19 and 20 adjoined each other; that the plaintiff owned 20, and the defendant the adjoining part of 19; that the defendant caused the hay to be cut from a strip which plaintiff's testimony tended to show was upon lot 20, and defendant's testimony that it was upon lot 19, the parties differing in their location of the boundary line between the two lots. It further appeared that the plaintiff had been in possession of lot 20 for upwards of 20 years, holding title thereto since 1882. That Francis Ano, husband of defendant, acquired title by deed to said part of lot 19 June 12, 1885, having for several years prior thereto been in possession of it, and holding a contract respecting it between him and his grantor, dated April 15, 1880. Francis Ano, June 25, 1880, conveyed by deed a portion of lot 19 to his daughter Lena; and July 20, 1885, he conveyed by deed the remainder of his portion of the lot to his son Joseph. Lena Ano, May 20, 1889, conveyed her part of the lot to her mother, the defendant, and June 27, 1889, Joseph Ano conveyed his part to the defendant. The plaintiff then introduced in evidence the record of a judgment recovered by him in an action in the supreme court, Clinton county, in which he was plaintiff and Francis Ano defendant. The complaint in that action alleged that in July and August, 1884, the defendant wrongfully entered upon said lot 20, owned and in possession of the plaintiff, and took from plaintiff's land and possession a quantity of hay, etc. Defendant's answer contained a general denial, and alleged that he was the owner and in possession of the lands from which the hay was taken, and also owner of the hay. The record shows that the plaintiff duly recovered judgment in that action at the Clinton county circuit in November, 1889, which was entered in the clerk's office the same month, for

$40 damages and $133.03 costs.  The defendant objected to the admission of the judgment roll in evidence, upon the ground that the judgment did not establish any title to the land; that it appears to have been recovered simply for taking possession of personal property; that it was not a determination of the questions in this action; that it appears that the action was commenced when Francis Ano had no title to lot 19.  These objections were overruled.  No objection was taken that the trespass then sued for was not in respect to the same strip of land as is involved in the present action.  The trial court held that the judgment was an adjudication binding upon the defendant in that action, and upon the defendant in this action, who has since derived her title from him, and that the only question for the jury was the amount of damages.  This amount counsel agreed upon, and the court directed a verdict for the plaintiff therefor.

Defendant's counsel asked to go to the jury upon the questions whether any trespass was committed upon lot 20, and whether any hay was taken therefrom, and "upon all the other questions in the case."  The court refused the requests.  The trial court, in disposing of the case, stated that the judgment in the former action was for taking hay off this disputed tract.  Now, the appellant insists that it was not proved that the former action was for hay taken from this disputed tract.  But Francis Ano testified that it was.  In view of the fact that that objection was not taken upon the trial, that the trial court assumed the tract now in question to be identical with the one then in question, and so stated without challenge, we think it too late to insist upon an objection which we must presume would have been raised when it ought to have been if it had had any merit.  The objection, now made for the first time, that the plaintiff in that action was not shown to be the plaintiff in this, and that the defendant in that action was not shown to be the Francis Ano who was grantor of the defendant, may be disposed of in the same manner.  It comes too late.  Besides, identity of name is some evidence of identity of person, and, when not questioned upon the trial, is sufficient after judgment.  It is now objected that Francis Ano was not shown to have had any title to lot 19 in 1884, when the hay was taken by him that year.  His answer in the former action alleged title and possession in himself of the land from which the complaint in that action alleged the hay had been taken.  The deed to him of lot 19 in 1885 refers to a contract between him and his grantor, of date April, 1880, as containing the same description contained in the deed.  He testified to the building of a brush fence, part by the plaintiff and part by himself, in 1880 or 1881, after he bought lot 19.  He also testified that in 1884 he had the grass from "this six-acre piece,"—presumably the piece now in dispute.  It was a proper inference from his deed, from the contract it refers to, from his answer in the former case, and from his testimony, that he first had a contract for lot 19, and went into possession of it, claiming to own it, and then obtained the deed for it.  Such being the case, his deed, received subsequent to his alleged trespass in 1884, containing as it did the same description as his contract, conveyed to him, as against the plaintiff. the same premises as to which he had asserted by his trespass and the answer in that action both ownership and possession, and was defeated.  The plaintiff in that action asserted both ownership and possession, and by the judgment both were adjudged to him as against Francis Ano.  Francis Ano defended, or could have defended, under his grantor, and, for aught that appears, had the right to wield in his defense every right that his grantor then had.  Such right was in effect adjudged insufficient against the plaintiff.  Francis Ano then took from his grantor a deed conveying those very rights which were insufficient to defeat plaintiff's claim.  He thus obtained in his own right precisely what the judgment determined was not enough to protect him.  If he acquired by the deed any further or better right or title to defend against the plaintiff's claim, it was for him or this defendant to assert and prove it upon

this trial; but this was not done. He therefore took a title to lot 19, which gave him no right to the parcel in dispute; and, as he could convey no better title than he held, his grantees must stand in his shoes.

But, assuming that no question of title was involved, but only the question of the location of the boundary line between 19 and 20, as between the plaintiff and Francis Ano the judgment determined it as plaintiff claimed it. Francis Ano, while the suit was pending, acquired title to 19. Thus every interest adverse to the plaintiff's claim respecting the boundary was merged in him, and he bought 19 subject to the issue which he had already joined with the plaintiff respecting the boundary. Francis Ano could convey no better title to locate the boundary than he possessed, and his grantees must abide by what they acquired from him. The action against Francis Ano was brought in September, 1884, and he served his answer in October of that year. The case was not brought to trial and judgment until November, 1888. It was pending when Francis Ano received the deed for lot 19, and when he conveyed it to his children, but judgment was recovered before they conveyed it to their mother, this defendant. No evidence was given tending to show that this defendant and her children, grantees of Francis Ano, did not know that the suit was pending, or that the defendant had no knowledge of the judgment when she purchased. But the plaintiff's actions were not brought to establish any lien or claim upon lot 19. The first was brought to redress a wrong done by Francis Ano upon lot 20, and the present action was brought to redress a like wrong done by the defendant. The Code, § 1670, provides for filing a *lis pendens* in an action "affecting the title to, or the possession, use, or enjoyment of, real property," describing the property "affected thereby." The pivotal question in both actions was whether lot 20 embraced the *locus in quo*, and that depended upon the location of the boundary line. True, its location as to 20 was also its location as to 19, but its determination did not really "affect the title to, or the possession, use, or enjoyment of," 19; it simply ascertained one of its true boundaries, and hence no *lis pendens* was required to be filed. The judgment in the first action bound Francis Ano's grantees, including the defendant. His children bought while the action was pending, and thus voluntarily accepted the risk of the event, and this defendant purchased after the judgment was rendered. In the absence of statutory regulations, a party who purchases property *pendente lite* does so at his peril, and is as conclusively bound and affected by the judgment as though he had been made a party. *Murray* v. *Ballou,* 1 Johns. Ch. 577; *Zeiter* v. *Bowman,* 6 Barb. 133; *Griswold* v. *Miller,* 15 Barb. 520; *Lamont* v. *Cheshire,* 65 N. Y. 30. We have examined the other questions presented by the defendant. We do not think they require discussion. The judgment should be affirmed, with costs. All concur.