Paine, J.
The only question upon the merits of this case is, whether a contract entered into between husband and wife during coverture, by which it was agreed that in consideration of being permitted to control and enjoy the property which she had at the marriage, she should relinquish her claim to dower, can be enforced against her by depriving her of dower.
I know of no such doctrine, nor any case in support of it. Contracts made by the wife with her husband, may, under some ■circumstances, by compelling an election, be incidentally enforced against her. It was, upon this ground, very evidently, that the chancellor proceeded in disposing of the case of Livingston v. Livingston, 2 Johns. Ch. Rep. 539. There the wife, who was dead, was represented by her infant children, for whom the court asserted its right to make, and did make the election. There, the property on each side having survived the marriage, there was a subject for election. But here probably the husband’s legal right to all the wife’s property ceased at his death. At any rate, the answer does not set up that the widow is enjoying, or has enjoyed, since his death, any of the property to which he or his heirs are entitled. The doctrine of election, therefore, cannot be applied to the case.
What the chancellor says about the contract between the husband and wife, in Livingston v. Livingston, refers only to the possibility of such a contract, and whether, if bona fide, it may not be carried into effect under some circumstances. The au *714 thorities which he cites, go no further than this; and I imagine that neither he nor they thought of asserting that such a contract can be enforced against the wife at law, or in any way, except where some kind of equitable relief can be found.
The defendant, on the argument, insisted on two technical grounds of defence, both of them based upon the supposition that this is an action of ejectment. These grounds are, first, that six months had not elapsed after the death of the husband, before the suit was brought, (2 R. S. 303, § 2, subd. 2;) and, secondly, that the defendant is not the actual occupant, nor exercising acts of ownership upon any parts of the premises, nor claiming title thereto.
It would be a sufficient answer to both these objections, to say that they are not set up as grounds of defence by the answer. With respect to the first, there is not the slightest indication in the answer, that such a defence was thought of; on the contrary, the language of the answer, echoing the complaint, states the time of the husband’s death so vaguely that it is impossible to decide upon this demurrer, that six months may not have expired. Nor does it any where appear upon the pleadings, when the suit was commenced. This is hardly a compliance with the existing law as to a statement of the defence.
As to the second objection, the answer merely says that a portion of the premises are occupied by tenants who pay the defendant rent; that the greater portion is unoccupied; and that the defendant is not personally in the occupation of any part of the premises. But the answer does not say that as regards any part of the premises, the defendant is not a proper party ; that any other person should have been made a party; or that either of these grounds will be insisted upon as a defence. This, also, it seems to me, is not precisely according to the existing law.
But supposing these defences to be well set up, have they any validity 1
The code abolishes the forms of existing actions, and the distinction between suits at law and in equity, and provides that there shall hereafter be but one form of action, (§ 69;) and that all rights of action given or secured by existing laws, may be prosecuted in this single form of action, (§ 468.)
*715 Now, before the code, there was, besides the action of ejectment for dower, a petition for admeasuring the same; and they both sought and obtained the same relief, viz., admeasurement of dower by commissioners. That is precisely the relief which the complaint in this case prays for, and therefore it may quite as well be in the place of the petition as the ejectment; and if so, it is free from both these objections.
But it is said the petition is preserved by the code, (§ 471,) and as this is not a petition, it must be the ejectment. It is true the petition is preserved, but a party may either adopt that, or the summons and complaint. ($ 468.) The two sections construed together, merely secure him an election between the two modes of proceeding. This is construing them so that they both stand.
But suppose further, that the form of the petition must be adhered to, and that this, therefore, is not a substitute for that, still there is nothing to prevent its being a substitute for a bill in equity, which undoubtedly lay for the admeasurement of dower, (Badgley v. Bruce, 4 Paige, 98,) and which is also free from these technical difficulties.
The plaintiff must have judgment upon the demurrer.