Crain *v.* Cavana.

[ONONDAGA GENERAL TERM, April 1, 1862. *Mullin, Morgan* and *Bacon,* Justices.]

---

## CRAIN *vs.* CAVANA and others.

The late court of chancery had no authority, in a divorce suit, to require a married woman to accept a gross sum from her husband in lieu of and in satisfaction of her dower.

Her acceptance of such sum in the lifetime of her husband will not defeat her dower.

And her release of dower *to her husband,* pursuant to an order of the court, although acknowledged in due form, would be a nullity; she being, *it seems,* legally incompetent to execute such an instrument to her husband, except in the single case authorized by the laws of 1840, p. 128, viz. upon a sale of real estate under a judgment or decree in partition.

Crain *v.* Cavana.

A pecuniary provision to bar dower, under 1 *R. S.* 741, § 12, must be a provision to take effect in possession or profit immediately on the death of her husband.

THIS action was commenced in March, 1860, for the partition of real estate in Oneida county.

The question arises out of the claim of dower of the widow, *Cynthia Cavana*, in the lands of which her husband, *Thomas Cavana*, died seised, and of which partition is sought in this action. Her claim was allowed, and the other defendants brought an appeal to this court. In 1843 the late court of chancery granted a decree to *Cynthia Cavana* separating her from her husband, *Thomas Cavana*, on account of his cruel and inhuman treatment, with liberty to the parties to apply to the court to be discharged from the decree. And it was further decreed that the husband should pay to his wife, "as alimony, the sum of four hundred and fifty dollars, as follows: Fifty dollars in thirty days, and the residue in four equal annual installments with annual interest from the 27th day of June, 1843, to be paid yearly and every year until the same is fully paid and satisfied, to be applied towards the maintenance and support of the said complainant and her infant daughter, *in lieu and satisfaction of all alimony, dower, right of dower, and all other claims which she may or can have to the property of the defendant."*

It was admitted that the husband paid his wife the $450, under and in pursuance of the decree, and that they never came together again. The husband died in 1859, seised of the lands in question, and leaving the said Cynthia, his widow, and three children him surviving, all of whom were made parties to this suit.

*Kernan, Quin & Kernan,* for the appellants.

*W. O. Merrill,* for the respondent Clara M. Crain.

*Dennison & Lynch,* for the respondent Cynthia Cavana.

---

Crain *v.* Cavana.

---

*By the Court,* MORGAN, J.  It will be observed that the decree contains no direction that the wife shall do any act, or enter into any conveyance, which would be sufficient in law to release her dower.  Nor has she executed any release. A release drawn up in form to carry into effect the decree, would run to the husband.  And I think if she could not for the same consideration voluntarily release her right of dower to her husband, the decree cannot operate to work out such a result.  It is an admitted rule of the common law that a wife cannot relinquish her dower in the real estate to her husband by executing a release thereof to him, or in any other way than by joining with him in a conveyance to a third person. Hence it was held in *Carson* v. *Murray,* (3 *Paige,* 483,) that although a valid agreement might be made between husband and wife, through the medium of a trustee, for a separation and for a separate allowance to the wife for her support, yet when such agreement declared that such provision should be in full recompense for and a bar of her dower in his real estate, she was entitled to the provision secured to her in the article of separation, and also to dower.  (*See also* 14 *Barb.* 531.)  The law, in its anxiety for the preservation of this favorite provision, puts it absolutely out of the power of the husband to deprive his wife of it, without her concurrence solemnly manifested by matter of record.  (*Park on Dower,* 191.)

At a very early day it was said the wife's claim to dower might be barred by her assent, because *feoffments* were then made publicly in court.  (*Id. note (a).*)  And where a *fine* was levied by husband and wife which operated to bar her of her dower, it imported a grant of the fee.  And to conclude her she was brought into court and her assent obtained, after a personal examination by the judge.  (*Id.* 200, 203.) In this state we have no such modes of conveyance, and to deprive the wife of her dower right, she must acknowledge the conveyance in the form pointed out by the statute. (2 *R. S.* 758, § 10.  13 *Barb.* 50.)  And there is only one

Crain v. Cavana.

case where she can release her dower right to her husband, and that is confined to sales of real estate under a judgment or decree in partition. (*Laws of* 1840, *p.* 128.)

The court of chancery, therefore, had no authority to require a married woman, although a party, to accept a gross sum from her husband in lieu of and in satisfaction of her right of dower. And her release of dower to her husband, although voluntary, and duly acknowledged and made in pursuance of such decree, would be a nullity ; as she is legally incompetent to execute such an instrument to her husband, except in the single case authorized by the act of 1840.

The counsel for the appellant, without attempting to overcome these difficulties, suggests that the widow is deprived of her dower by virtue of the provision of the revised statutes, which enacts that " if before her coverture but without her consent, *or if after her coverture,* lands shall be given or assured for the jointure of a wife, *or a pecuniary provision be made for her in lieu of dower,* she shall make her election whether she will take such jointure or *pecuniary provision,* or whether she will be endowed of the lands of her husband, but she shall not be entitled to both." (1 *R. S.* 741, § 12.)

It is sufficient to say, in answer to this suggestion, that she has one year after the death of her husband to make this election. (*Id.* § 14.) This would show, without reference to the authorities, that the pecuniary provision which was thus provided must be something that she can take and enjoy, after the death of her husband. And it was left undecided in *McCartee* v. *Teller,* (8 *Wend.* 267, 276, 277 ; *S. C.,* 2 *Paige,* 511,) whether this provision should not continue during life, in order to bring it within the intention of the statute. It was however decided that this equitable provision, to bar dower, must be a provision to take effect in possession or profit immediately on the death of the husband. And it is clear that if the pecuniary provision does not come within the requirements of the statute, the widow would be entitled to dower although she had accepted of the provision. She

Crain *v.* Cavana.

certainly cannot be estopped by an election before she is capable of making it; and where, as in this case, she has consumed the pecuniary provision in the lifetime of her husband, there is nothing left upon which to base an election.

I find that in the case of *Forrest* v. *Forrest*, (6 *Duer*, 102,) the decree, after directing the payment to the plaintiff of $3000, by way of annual allowance, and making provision for security, also directed the plaintiff, upon being tendered the requisite security, to "execute and deliver to the said defendant a release of any claim of dower in his real estate, in such form as any justice of the court should settle and approve." And it was then held, upon appeal by the plaintiff, that the court erred in forcing upon the plaintiff this condition. And it having been established in *Wait* v. *Wait*, (4 *Comst.* 95,) that the alimony contemplated by the statute, in divorce cases, is not to be taken in lieu of dower, the court, in *Forrest* v. *Forrest*, (*p.* 108,) very properly came to the conclusion that it had no power to make her release of her right of dower a condition of granting the divorce, or to enforce such a release upon her, peremptorily.

But if I am right in my conclusion, such a release to her husband, even if executed by the wife voluntarily, would be a nullity at common law, and wholly unauthorized by statute.

I think the judgment should be affirmed, with costs to be paid by the appellants.

*Judgment affirmed.*

[ONONDAGA GENERAL TERM, April 1, 1862, *Mullin, Morgan* and *Bacon,* Justices.]