Van Vorst, J.
The only subject of real contention in this action is, as to whether or not the defendant Mary Ann Brown shall have dower in so much of the lands as may be set off as the share of her late husband, John L. Brown, deceased. The parties married in 1838.
In 1855 an agreement was entered into between John L. Brown of the first part, Mary Ann Brown of *296 the second part, and George Johnson of the third part. It recites that the parties of the first and second parts have mutually agreed to separate, and live apart for the remainder of their lives: that the party of the first part was desirous of continuing the party of the second part in the same station of life, and with the same conveniences, which she had theretofore had, in consideration of which, the party of the first part guaranteed to the party of the second part, quiet and undisturbed possession of the sum of ten thousand dollars, by him paid to the party of the third part, as the trustee of the party of the second part, and of all her personal effects, wardrobe, jewelry, plate and household furniture, and all the property whereof she was, or might thereafter become possessed, with the right to dispose of the same, as though she were a feme sole, and unmarried.
The parties of the second and third parts agreed to accept these provisions made for the party of the second part, in payment and satisfaction of all and every claim for or by reason of the intermarriage of the parties of the first and second parts, for alimony, dower, right of dower, or otherwise, and the party of the second part released the lands whereof the party of the first part was seized from all dower and right of dower, and also released all claim of dower in and to any lands of which the party of the first part should thereafter become possessed, and covenanted upon request to execute in the future, and deliver to such person or persons as the party of the first part, or his heirs," executors, &c., might direct, all necessary conveyances for the more full release of any dower or claim thereof in and to any lands of the party of the first part.
It is quite clear that the execution of this agreement, by the defendant Mary Ann Brown did not in law release or discharge her dower in her husband’s land. *297 That could only be accomplished by her uniting with her husband in a conveyance to a third party.
As far as the instrument purported to release her claim of dower to her husband, the wife’s agreement was a nullity (Carson v. Murray, 3 Paige, 483). And as it does not appear that since her husband’s death, the widow has executed any release of her rights and interests in the land in question, she is entitled in law to her dower.
But it is urged in opposition to the claim of the widow, that she accepted, and is in the enjoyment of a pecuniary provision in lieu of dower, and that she is equitably estopped, by such provision and the guarantee in question, from asserting any claim to dower in her husband’s land.
•The object of her husband, in making the pecuniary provision, by the agreement pi 1855, in favor of Ms wife, was her comfortable support.
That she might be maintained with the comforts and conveniences which she had theretofore had.
This was assuredly his duty towards her, and there is nothing disclosed in the case, from which it can in any manner be inferred, that he would not have been compelled to do this, had he refused, although they lived apart.
It is both a moral and legal duty imposed upon a husband to support his wife, and that with reasonable comforts and conveniences.
That is all the agreement in question professed to accomplish.
The defendant’s counsel cites no case in support of his view, that the widow is equitably estopped from asserting her claim to dower by the agreement and provision in question. On the other hand there are cases which discountenance any such conclusions.
Dower is highly regarded in the law. It is a moral as well as legal right.
*298 This humane provision of the common law, was intended for the sure and competent sustenance of the widow, and the better nurture and education of her children (4 Kents Com. 36 [marg.]).
The husband cannot defeat it by any act in the nature of alienation or charge, without the assent of the wife given and proved according to law (1 R. S. 742, § 16; Simar v. Canaday, 53 N. Y. 298; Youngs v. Carter, 1 Abb. New Cas. 136, note). That the same cannot be defeated by arrangements of the nature contemplated by the agreement between the parties of 1855 is shown by the following cases: Townsend v. Townsend, 2 Sandf. 711; Day, adm’r. of Edwards v. West, 2 Edm. Ch. 592; Carson v. Murray, supra. In Crain v. Cavana, 36 Barb. 410,* the wife had obtained a divorce, in the late court of chancery, from her husband. Provision was made in the decree for the payment by the husband of a sum of money to be applied towards the maintenance and support of the complainant and her infant daughter, “in lieu and satisfaction of all alimony, dower, right of dower, and all other claims which she may or can have to the property of her husband.”
The money provided for in the decree was paid by the husband.
The court, Morgan, J., at general term, says : “The court of chancery, therefore, had no authority to require a married woman, although a party, to accept a gross sum from her husband in lieu of and in satisfaction of her dower. And her release of dower to her husband, although voluntary, ,and duly acknowledged, and made in pursuance of such decree, would be a nullity; as she is legally incompetent to execute such an instrument to her husband, except in the single case authorized by the act of 1840 ” (Laws of 1840, p. 128).
*299 Courts of equity have properly hesitated from in any manner giving them sanction to separation of husband and wife by voluntary arrangement, such separations being regarded as contrary to the policy of the law, and against morals.
Agreements, however, entered into by the husband for the payment of a specified sum for the support and maintenance of his wife, have been maintained and enforced. Such is the case of Calkins v. Long (22 Barb. 97). The reason for the conclusion being stated in an able opinion by Mason, J. (Wallace v. Bassett, 41 Barb. 92). But I do not find any instance in which it is held that the wife can release to her husband her dower rights, directly or indirectly.
On the other hand, as an indication of the regard the law has for the rights of the wife, it is believed that provision for the wife by deed of separation does not necessarily affect her rights to a share of her husband’s personal estate, under the statute of distribution; nor as affecting any other legal right to which she may be entitled on the death of her husband (McQueen’s Husb. & W. 2nd ed. 381).
And I am persuaded that it would be unwise to go beyond what has been decided in cases of this character. Nor should equity regard the wife as concluded from setting up her rights to dower in his lands upon the death of her husband, for the reason that she accepted from him in his lifetime, a provision which he was under obligation to make for her support in comfort.
But it is urged that the case comes within section 12 of title 3, part 2, chap. 1, of the revised statutes.
The portion of the statute to which reference is made, is in these words: if “a pecuniary provision be made for her (the wife), in lieu of dower, she shall maker her election whether she will take such pecuni *300 ary provision, or whether she will be endowed of the lands of her husband, but she shall not be entitled to both.”
It is quite evident that, in order to put the wife to such election, the pecuniary provision alluded to, must in some way, by last will or otherwise, be tendered to her at the death of her husband.
In Crain v. Cavana, supra, it was held “ that this equitable provision, to bar dower, must be a provision to take effect in possession or profit, immediately on the death of the husband,” and cases are cited to support this view.
The provision for the wife was made more than twenty years ago. The widow is now seventy-one years of age and upwards. And the provision made by the agreement, must, in reason and experience, have been already largely exhausted for the support and maintenance of the wife, so that it does not appear that it is a present provision tendered, upon which, or her claim of dower, she is obliged to make an election.
The conclusion reached is that there should be judgment for plaintiff for partition, but that Mary Ann Brown is endowed of the lands in question.

See another opinion by Mullin, J., in 62 Barb. 109.