THE SARATOGA COUNTY BANK, Appellant, *v.* ABBIE M. PRUYN, Respondent.

A married woman cannot bind herself by contract, unless, first, the obligation was created by her in or about carrying on her trade or business; second, the contract relates to, or is made for the benefit of her separate estate; third, intention to charge her separate estate is expressed in the instrument or contract by which the liability is created; fourth, the debt was created for property purchased by her.

Where a promissory note made by a married woman, payable to the order of her husband, is indorsed and presented by him to a bank for discount, no implication or presumption can be drawn from the form of the note, or from the fact that she gave it to her husband to be discounted that she is to be benefited by it in her business or estate; and to give it vitality it must be made to appear by evidence *aliunde* that it was made for such purpose.

The fact that she owns a separate estate is not alone sufficient.

In an action against defendant, a married woman, upon such a note, it appeared that when her husband presented the original note, of which the one in suit was a renewal, to plaintiff for discount, he represented that she wanted the money to make repairs upon her real estate; the money was deposited to his credit, and was subsequently drawn out by him on checks signed by her. It appeared and the court found that the note was not in fact made for the benefit of her separate estate, and no portion of the avails were used for that purpose; also that defendant's husband was not her agent, and had no authority to make the representations. *Held,* that defendant was not liable; and that she was not estopped from questioning her liability because of the checks, as they were not exhibited to or relied upon by plaintiff in making the discount.

(Argued June 20, 1882; decided October 24, 1882.)

APPEAL from judgment of the General Term of the Supreme Court, in the third judicial department, entered upon an order made February 11, 1881, which affirmed a judgment in favor of defendant, entered upon a decision of the court on trial without a jury.

This action was upon a promissory note in the usual form for $800, made by defendant, a married woman, payable to the order of John F. Pruyn, her husband, at plaintiff's bank.

The court found in substance that said note was indorsed

by said John F. Pruyn, and was discounted by plaintiff in re-newal of another note for a like amount, similarly and identically made and indorsed, which was a renewal of two notes, in the same form as the note in suit, and all were made and indorsed in the same manner.    That all of said notes were discounted by plaintiff at the request and for the benefit of said John F. Pruyn, and the proceeds thereof placed by plaintiff to his credit; that he represented, at the time the original notes were discounted, that defendant wanted the money to make repairs upon a dwelling-house owned by her; that the avails of the discounts were drawn out by defendant's said husband on checks signed by her.    That said notes were made by defendant as accommodation maker and solely for the benefit and advantage of her husband, and not for her benefit or that of her separate estate or property; and that no part of said notes, or the avails thereof, were used in, or upon, or went to the benefit of her separate estate or property, or for her use or benefit; that said defendant was not, when the notes were made, engaged in any separate trade or business.    That the said John F. Pruyn was not the general agent of this defendant, and had no power or authority to act for or bind her, except specially and in spe-cial instances, and then received at each time his instructions from defendant specially and distinctly, and had no power to do otherwise.    That this defendant never authorized any repre-sentations to be made by said John F. Pruyn in relation to said notes, or those mentioned in said complaint, nor what the same were made for or to be used, nor how the avails thereof were to be used or applied, nor had she any knowledge of any representations made by him in regard to the same to plaintiff, or its officers, or any one.

*Nathaniel C. Moak* for appellant.    As the defendant owned property and was receiving and expending money upon and about it, she is estopped from denying that the loans were made and the notes given by her for her purposes, and that the money was paid to her. (*Hall* v. *James*, 12 Wkly. Dig. 570; *McNeil* v. *Tenth, etc.*, 46 N. Y. 325; *Moore* v. *Metropolitan*

*Bank*, 55 id. 41; *Hemmenway* v. *Mulock*, 56 How. 38; *Adler* v. *Lilienfield*, 33 Gratt. 377, 387–8; 4 Va. L. J. 536, 543; *Peck* v. *Thomas*, 39 Mich. 585; *Merchants' Bank* v. *Livingston*, 74 N. Y. 223, 228; *Burton's Appeal*, 93 Penn. St. 214; *Walker* v. *Detroit, etc.*, 11 N. West. Rep. 187, 190; *Burton* v. *Peterson*, 12 Phila. 397; *Clarke* v. *Roberts*, 25 Hun, 86.) The mere fact that a married woman receives money upon her promise to repay it is sufficient evidence that it was borrowed for the benefit of her separate estate. (*Williamson* v. *Duffy*, 19 Hun, 312; *Wilsey* v. *Hutchins*, 10 id. 502; *Williamson* v. *Dodge*, 5 id. 497; *Owen* v. *Cawley*, 36 N. Y. 605.) The check given by defendant to her husband was a written representation that the proceeds of the notes were hers, and of a right on her part to control the disposition of the moneys, and defendant having received and acted upon it, she was bound by her order upon the money as hers. (*Dingens* v. *Clancey*, 67 Barb. 566; *Hazewell* v. *Coursen*, 45 N. Y. Supr. Ct. 22, 30, 33–4; *Merchants' Bank* v. *Livingston*, 74 N. Y. 223, 228; *Smith* v. *Kennedy*, 13 Hun, 9, 10, 11; *Bodine* v. *Killeen*, 53 N. Y. 93; *McVey* v. *Cantrell*, 70 id. 295, affirming 6 Hun, 528; *Conlin* v. *Cantrell*, 64 N. Y. 217.) A contract implied by law or inferred from the circumstances is as effectual to bind a married woman as one expressly created. (*McVey* v. *Cantrell*, 70 N. Y. 298; *Tiemyer* v. *Turnquist*, 85 id. 521–2; *Chrisfield* v. *Banks*, 13 Wkly. Dig. 306; *Speck* v. *Gurnee*, 25 Hun, 644; *Conlin* v. *Cantrell*, 64 N. Y. 219; *Newton* v. *Porter*, 69 id. 133; *Haddon* v. *Lundy*, 59 id. 320, 329; 24 Eng. Rep. 836, note.) A married woman is bound by her transactions and representations in the same manner as a *feme sole* even to the extent of an estoppel. (*Bodine* v. *Killeen*, 53 N. Y. 93; *Smyth* v. *Munroe*, 19 Hun, 551; *Morrill* v. *Cawley*, 17 Abb. Pr. 76; *Carter* v. *Isaacs*, 16 Abb. 328; 1 Rob. 176; *Graham* v. *Meneelly*, 16 Grant's [U. C.] Ch. 661; *Bennett* v. *Holden*, 21 id. 232; *Kolls* v. *De Leyer*, 26 How. Pr. 468; *Bodine* v. *Killeen*, 53 N. Y. 93; *Anderson* v. *Mather*, 44 id. 249, 262; *Husted* v. *Mathes*, 77 id. 388; *Lewis* v. *Woods*, 4 Daly, 241; *McCullough* v. *Wilson*,

21 Penn. St. 436.)   Her acts estop her if she ought equitably to be estopped, though she had no intention to defraud. (*Manufacturers, etc.,* v. *Hazard,* 30 N. Y. 226.)   Under the circumstances law and justice required that every presumption should be made against defendant. (*Brulo* v. *People,* 16 Hun, 119; *People* v. *Dyle,* 21 N. Y. 580; *Brooks* v. *Steen,* 6 Hun, 516.) Defendant's husband, being, to her knowledge, to the outside world her apparent agent, the question is, not what power she intended to give him, but what power a third person dealing with him had a right to infer from his own acts and those of the principal he possessed. (*Owen* v. *Cawley,* 36 N. Y. 604–5; *Witbeck* v. *Schuyler,* 31 How. 97, 98, Gen. T., third district; *Johnson* v. *Jones,* 4 Barb. 369; *Reynolds* v. *Kenyon,* 43 id. 586, 600–2; *Bridenbecker* v. *Lowell,* 32 id. 11, 17–18; *Banks* v. *Putnam,* 1 Trans. App. 322; 1 Abb. Ct. App. Dec. 80; *Devlin* v. *Pike,* 5 Daly, 103–4; *Conover* v. *Mutual, etc.,* 1 N. Y. 292; *Johnson* v. *Jones,* 3 Barb. 369; *Owen* v. *Cawley,* 36 N. Y. 605; *Freeman* v. *Allen,* 15 Hun, 7, 8, and cases cited; *Miller* v. *Hunt,* 1 id. 491; *Southwick* v. *Southwick,* 2 Sweeney, 234–247; *Wicks* v. *Hatch,* 38 N. Y. Supr. Ct. 95; affirmed, 62 N. Y. 535; *Wilcox, etc.,* v. *Elliot,* 14 Hun, 16; *Freiberg* v. *Brannigan,* 18 id. 344; *Marsh* v. *Hoppock,* 3 Bosw. 478; *Bodine* v. *Killeen,* 53 N. Y. 93; *O'Dougherty* v. *Remington,* 7 Hun, 514; *Lewis* v. *Woods,* 4 Daly, 241, 243; *N. Y., etc.,* v. *Schuyler,* 34 N. Y. 73.)

*L. B. Pike* for respondent.   A married woman cannot bind herself by contract unless the obligation was created by her in or about carrying on her trade or business, or relates to or is made for the benefit of her separate estate, or the intention to charge the separate estate is expressed in the instrument or contract by which the liability is created. (*Manhattan Brass and Manufacturing Co.* v. *Thompson,* 58 N. Y. 80; *Manhattan Life Insurance Co.* v. *Glover,* 6 Wkly. Dig. 509.)   A promissory note in the ordinary form, signed by a married woman, made payable to the order of her husband, and indorsed and presented for discount by him, is *prima facie* a

nullity. To give it vitality and effect it should and must be made to appear by evidence *aliunde* the instrument, that it was made in her separate business or for the benefit of her separate estate. (*Second National Bank of Watkins* v. *Miller*, 63 N. Y. 639 ; *Bowman* v. *Taylor*, 76 id. 564.) Plaintiff was bound to know the legal capacity of the defendant to contract and the actual authority of the agent with whom they dealt. (*Nash* v. *Mitchell*, 71 N. Y. 199.) The notes of married women are still void unless they expressly charge therein their property, or the same is proved to have benefited their separate property, or to have been used in their separate business. (*Corn Exchange Ins. Co.* v. *Babcock*, 42 N. Y. 613, 639, 640.) An agent cannot create an authority in himself to do a particular act by its performance or by asserting his authority to do it. (*Stringham* v. *St. Nicholas' Ins. Co.*, 5 Abb. Pr. [N. S.] 80 ; *Plumstead* v. *Randolph*, 1 Yates, 502, 505 ; *James* v. *Stookey*, 1 Wash. C. C. 330 ; *Scott* v. *Crane*, 1 Conn. 255.) A party dealing with an agent is bound to ascertain and know the extent of his agency, and if he deals with the agent without learning the extent of the power delegated to him, he does so at his peril and must abide by the consequence if the agent acted without or in excess of authority. (*Craighead et al.* v. *Peterson*, 72 N. Y. 279.) Apparent authority operates only by way of estoppel and can take the place of real authority only when some person has acted on the appearances. (*People* v. *Bank of North America*, 75 N. Y. 547, 559, 560.)

TRACY, J. A married woman cannot bind herself by contract, unless, *first*, the obligation was created by her in or about carrying on her trade or business ; or, *second*, the contract relates to or is made for the benefit of her separate estate ; or, *third*, intention to charge the separate estate is expressed in the instrument or contract by which the liability is created (*The Manhattan Brass and Mfg. Co.* v. *Thompson*, 58 N. Y. 80 ; *Nash* v. *Mitchell*, 71 id. 199 ; 27 Am. Rep. 38) ; or, *fourth*, the debt was created for property purchased by her. (*Tiemeyer* v. *Turnquist*, 85 N. Y. 516 ; 39 Am. Rep. 674.)

No intention to charge the separate estate of the defendant was expressed in the notes in question, and the court before whom the cause was tried has found as a fact that the defendant was not engaged in carrying on any separate trade or business at the time of the giving of the notes.    The only possible ground of liability remaining, therefore, is that the contract was in fact made for the benefit of her separate estate, or that she represented to plaintiff that it was so made, and that in discounting the notes it acted upon the faith of such representation.    But the trial court has also found that the notes were not in fact made for the benefit of her separate estate, and that no part of the avails thereof were used in, or upon, or went to the benefit thereof ; and there would seem to be abundant evidence to support such finding.    We have only then to consider whether the defendant, at the time the money was obtained upon the notes, represented to the plaintiff that they were for the benefit of her separate estate, and the plaintiff discounted the notes upon the faith of such representations.

It is not pretended that the defendant made any verbal representations to the discount committee, or to any officer of the bank.    The only representations claimed or relied upon by the plaintiff are those made by the defendant's husband, John F. Pruyn, and such inferences as may rightfully be drawn from the notes in question, and the checks given by defendant. There can be no doubt that the representations made by her husband, John F. Pruyn, at the time of obtaining the money, were sufficient, if binding upon the defendant, to subject her to liability for the amount of the notes.    But the trial court has found as a fact that the husband was not the agent of the defendant in this particular transaction, and that he was not her general agent, and that he had no authority to make the representations and statements alleged to have been made by him to the discount committee of the plaintiff's bank ; " nor were any of the representations as to said notes mentioned in the complaint, or the avails thereof, or the use or application to be made of the same, or of the avails thereof, made by her, or by her husband as her agent."

There remains to be considered, therefore, only the effect of the notes and of the checks, which were in her handwriting, as representations made by the defendant to the bank. A promissory note in the ordinary form, signed by a married woman, payable to the order of her husband and indorsed and presented for discount by him, is not a representation upon its face that the note is made to raise money for her. No implication, presumption or impression that she was to be benefited by it in her business or estate could be drawn from its form, and from the fact that she had given it to her husband for the purpose of having it discounted. (*Second National Bank* v. *Miller*, 63 N. Y. 639.) To give such a note vitality and effect it must be made to appear, by evidence *aliunde* the instrument, that it was made in her separate business, or for the benefit of her separate estate. The fact that she owns a separate estate is not alone sufficient. (*Broome* v. *Taylor*, 76 N. Y. 564.)

The checks drawn by the defendant and upon which the officers of the bank testify that the proceeds of the discount were subsequently paid to the husband do not appear to have been shown to the discount committee, or to any officer of the bank previous to or at the time the notes were discounted. The first check of the defendant for $500 was dated on the 14th of September, 1876, the date of the original note for the same amount, but it appears from the testimony of Van Hoevenbergh, the cashier of the bank, that this check was not charged until the 18th. On the 6th of January, a note of $800 was discounted, in part renewal of the $500 note and for $300 in addition, and "on the 8th of January," testifies the cashier of the bank: " Mrs. Pruyn drew a check on our bank for $300, and we paid that check out of John F. Pruyn's money." No officer of the bank testifies that he knew of the existence of these checks, or that he was in any way influenced by them in discounting the notes for the defendant's husband. It is not necessary to consider what inference might have been drawn from the checks had they been exhibited to the officers of the bank and relied upon in making the discount. They were not so exhibited, and as a representation made by the

defendant, constitute no part of the case, and must be eliminated therefrom.    It follows that the defendant was not liable to the bank for the money obtained upon the notes in question.

The judgment of the General Term, affirming the judgment entered on the report of the referee, should be affirmed, with costs.

All concur.

Judgment affirmed.