GAZENA C. JONES, RESPONDENT, *v.* IDA V. FLEMING
AND OTHERS, APPELLANTS.

*Inchoate right to dower — not alienable to a stranger, by a married woman during the life of her husband — when a widow is not barred from claiming dower by a prior conveyance of her inchoate right thereto, with covenants of further assurance.*

January 28, 1880, the plaintiff executed a quit-claim deed, by which, in consideration of money received from her husband or his estate, she released, transferred and set over to the committee of the husband and to his three daughters, his "only prospective heirs," all her right, including her inchoate right of dower, to the personal and real property of the husband. The deed also contained covenants by which the plaintiff agreed to execute and deliver such further or other deeds or releases as might be necessary to perfect the agreement. October 28, 1880, the husband died leaving the three daughters named in the deed his sole heirs-at-law.

*Held*, the plaintiff's claim for dower was not barred by the execution of the deed.

That the fact that the instrument recited that the children named therein were the prospective heirs of the husband, did not establish such an interest in them as to render it operative as a release.

That as the statutes, in force at the time of the execution of the deed, did not authorize a married woman to contract in respect to her inchoate right of dower, she was not barred or estopped by the covenant for further assurance therein contained.

APPEAL from an interlocutory judgment in favor of the plaintiff, entered upon the report of a referee.

The action was brought to recover dower in about 2,000 acres of wild land, the property of James Jones, by the plaintiff, who is his widow. This is the third time that this case has been brought on appeal before the General Term. The opinion on the first appeal is reported in 29 Hun, 551, and on the second in 32 Hun, 280.

The plaintiff married John Firth in 1855 at the village of Deer River, and they lived together as husband and wife at Pamelia Four Corners, Troy and Syracuse until 1861, when she left him because he failed to support her and went to her friends in Jefferson and Lewis counties. In 1875 the plaintiff, believing her first husband to be dead, married one James Jones, who died in 1880.

The additional facts now presented to this court for the first time, and upon which the principal questions upon this appeal arise, are as follows: On June 15, 1877, James Jones became of unsound

mind and was subsequently declared to be a lunatic. One William H. Miller was appointed the committee of his person and estate, and he, in his capacity as such committee, together with Ida P. Fleming, Ellen A. Van Ness and Julia E. Zuller, entered into a settlement and agreement with the plaintiff about January 28, 1880, whereby the said committee and prospective heirs released and confirmed to the plaintiff the title to $3,400 of personal property which had been previously transferred to the plaintiff as a gift from James Jones on the surrender by her to the said committee of certain other personal property which she also claimed to hold by virtue of the gift from Jones. Four actions had been commenced by the committee against the plaintiff and parties holding property in her behalf to recover such property, and also one action to have the marriage between the plaintiff and James Jones declared of no effect, because John Firth, the first husband of the plaintiff, was living at the time it was entered into. These actions were all settled by the same agreement, and the plaintiff released to the committee and to the heirs all her title to the personal and real property of James Jones, including her inchoate right of dower and covenanted to execute and deliver in the future such other deeds, releases and transfers as might be necessary to carry out the said agreement. This release was offered on the part of the defendants, but was excluded by the referee as incompetent and immaterial, and the defendants excepted to the exclusion. The same evidence was offered on both of the former trials, in which the defendants succeeded, but was excluded by the court.

*E. C. Emerson,* for the appellants.

*Elon R. Brown,* for the respondent.

FOLLETT, J.:

This is an appeal by part of the heirs of James Jones from an interlocutory judgment awarding the plaintiff dower in lands of which Jones died seized.

But two defenses were interposed in this action: (1.) That the legal relation of husband and wife never existed between the plaintiff and James Jones, because at the time of their marriage the plaintiff's first husband was living. (2.) That, January 28, 1880,

Mrs. Jones was paid $3,400 by the committee of her husband's estate, in consideration of which she released and conveyed to the committee and to the children of her husband by a former wife all of her interest in the estate of Jones, including her inchoate right of dower and covenanted to thereafter execute such further conveyances as might be necessary to bar her dower. James Jones died October 28, 1880, leaving as his sole heirs-at-law three daughters, who are named in the agreement, and in the quit-claim deed.

The referee finds that when the plaintiff and Jones intermarried, the plaintiff's first husband had absented himself for five successive years without being known to the plaintiff to be living, and that she believed him to be dead. The evidence is sufficient to sustain this finding of fact and it cannot be set aside. The marriage between the parties was never adjudged invalid. Whether a woman is entitled to dower in the lands of her deceased husband under a marriage so contracted is not an open question in this court. (*Jones* v. *Zoller*, 29 Hun, 551; S. C., 32 id., 280; *Price* v. *Price*, 33 id., 76; Scrib. Dow. [2d ed.], chap. 7, pp. 1–15.)

The only remaining question is whether a quit-claim deed of a married woman, executed in consideration of money received from the husband or his estate and running to the committee and the children of the husband, by which her inchoate right of dower is assumed to be released and conveyed, and in which deed she covenants to thereafter execute such further conveyances as may be necessary to bar her dower, is a bar to her right to recover dower in case she survives her husband. A release by a wife to her husband of her inchoate right of dower does not bar her claim. (*Crain* v. *Cavana*, 36 Barb., 410; S. C., 62 id., 109; *Townsend* v. *Townsend*, 2 Sandf., 711.) This is so notwithstanding the release is contained in a valid deed of separation made with a trustee in behalf of the wife and upon a pecuniary consideration. (*Carson* v. *Murray*, 3 Paige, 483, 502, 503; *Guidet* v. *Brown*, 54 How., 409; S. C., 3 Abb. N. C., 205; 1 Wash. R. P. [4th ed.], 252, p. 18.) Such an instrument does not operate as an effectual release, conveyance or as an estoppel. (*Graham* v. *Van Wyck*, 14 Barb., 531; 2 Scrib. Dow. [2d ed.], 309.)

A release, conveyance or covenant with the committee of the husband is not valid, unless it would have been valid if executed to

and with the husband. The fact, that the instrument runs to the children of the husband, does not effect a conveyance or release of her right to dower. An inchoate right to dower is not an estate, nor is it an interest in real estate, and it is not the subject of grant or assignment. (*Moore* v. *The Mayor*, 8 N. Y., 110; *Marvin* v. *Smith*, 46 N. Y., 571, 574; 1 Wash. R. P. [4th ed.], 301, p. 1.) "During coverture, the wife's inchoate right of dower is incapable of being transferred or released, except to one who has already had, or by the same instrument acquires an independent interest in the estate." (*Elmendorf* v. *Lockwood*, 57 N. Y., 322, 325; *Marvin* v. *Smith, supra.*) An inchoate right to dower not being the subject of a grant, the granting words in the conveyance do not carry the inchoate right to the persons described as grantees. A release is the only mode by which a wife can bar her inchoate right to dower. A naked release to one not in possession of or having a vested interest in the premises is void. (3 Wash. R. P. [4th ed.], 380, p. 21; 4 Greenl. Cruise, 110, 115, pp. 21 to 40; *Elmendorf* v. *Lockwood, supra.*) It is recited in the instrument that the children are the prospective heirs of the husband, and it is urged that their interest as apparent heirs was sufficient to make the instrument to them operative as a release. An heir apparent is one whose right of inheritance is indefeasible, provided he outlives the ancestor, as the eldest son, who must, by the common law in England, become the heir of his father on his death. An heir presumptive is one who, if the ancestor should die immediately, would succeed to the estate, but whose right of inheritance may be defeated by the birth of a nearer heir. (2 Black. Com., 208; 3 Pres. Abs., title 5.) Neither definition describes the interest of persons whose right to inherit may be defeated by conveyance or devise. Neither heirs apparent nor heirs presumptive have a legal estate or interest, though they may, in equity, bind this possibility by way of estoppel as against themselves. (3 Pres. Abs., title 6.) The children of the husband had no vested interest or estate in or possession of the land, and the instruments did not operate as a release of the plaintiff's right to dower. Neither do the instruments, and the transactions out of which they arose and of which they form a part, create an estoppel in favor of the children and against the plaintiff. The consideration was paid by the committee of the estate of the husband. The

children paid nothing, nor did they surrender anything, nor were their legal rights in anywise affected. At the date of this deed a married woman was authorized to sell and transfer her real and personal estate and enter into contracts and covenants in respect thereto; but an inchoate right to dower is not a part of her separate estate. It cannot be sold or taken by creditors. It is a mere right arising out of the marital relation which may or may not ripen into an estate. Chapter 381, Laws 1884, was passed after the execution of the deed. The statutes existing at the date of this deed were not broad enough to authorize a married woman to contract in respect to this right, except in the manner pointed out by the Revised Statutes. (*Bertles* v. *Nunan*, 92 N. Y., 152, 160.) Before the statute of 1848 and subsequent statutes enlarging the rights and powers of married women, they could not estop themselves by covenants. (*Jackson* v. *Vanderheyden*, 17 Johns., 167; Big. Est., 276.) But since these statutes, they may by such covenants as they are authorized to enter into. This not being a subject which the statutes authorize them to contract in respect to, the plaintiff is not estopped by the deed and contract from recovering her dower. To bring the case within section 12 of title 3, chapter 1 of the second part of the Revised Statutes (1 R. S., 741), the provision in lieu of dower, must take effect on the death of the husband. (*McCartee* v. *Teller*, 2 Paige, 511; affirmed, 8 Wend., 267; *Crain* v. *Cavana*, *supra*; *Guidet* v. *Brown*, *supra*.)

The judgment is affirmed, with costs.

HARDIN, P. J., and VANN, J., concurred.

Judgment is affirmed, with costs.