DETERMINED IN THE

# THIRD DEPARTMENT,

AT

## GENERAL TERM,

### November, 1885.

---

ELIZABETH FAIRLIE, Appellant, v. FRANCES M. BLOOMINGDALE, Respondent, Impleaded with PETER BLOOMINGDALE.

*Liability of a married woman on a joint and several note signed by her and her husband — right of a married woman to form a business partnership with her husband.*

This action was brought by the payee of a joint and several promissory note for $2,000, signed by Peter Bloomingdale and Frances M. Bloomingdale, who was the wife of Peter Bloomingdale. Upon the trial testimony was given tending to show that the consideration of the note was $700 cash, and an old note of $1,300, signed by the same persons; that before lending the $700 the plaintiff saw the defendant Frances, who told her that they wanted the money to get goods, that she, Frances, was running the store and would see that the money was paid, that she had as much interest in the store as her husband had; that at the time the $1,300 note was signed similar statements were made by the defendant Frances. A verdict rendered for the plaintiff was set aside by the justice presiding at the trial, upon a motion for a new trial made upon his minutes, upon the ground that as the note was made by the husband and wife, in the course of a partnership business carried on by them, it could not be enforced against the wife.

*Held*, that it was error to set aside the verdict as the evidence would justify a finding that the money was borrowed by the wife on her own account, in which case the validity of the note would not be affected by the disposition she might subsequently make of the money received.

*Quære*, as to whether a husband and wife cannot form a business partnership. (Per LEARNED, P. J.)

*It seems,* that if it were necessary to decide that question in this case, the cases of *Zimmerman* v. *Erhard* (58 How., 11), and *Graff* v. *Kinney* (15 Abb. N. C. 399; affirmed, 37 Hun, 405), sustaining their right so to do, would be followed rather than (*Kaufner* v. *Shoeffel,* 37 Hun, 140) denying it.

APPEAL from an order setting aside a verdict and granting a new trial, entered upon the hearing of a motion for a new trial made upon the minutes of the justice presiding at the trial.

The action was brought against both defendants, who were husband and wife, to recover the amount due upon a promissory note, of which the following is a copy:

" $2,000.                                        ALBANY, *April the 1st,* 1876.

" One year after date we, or either of us, promise to pay Elizabeth Fairlie or bearer two thousand dollars, with interest, for value received.

"P. BLOOMINGDALE.
"F. M. BLOOMINGDALE."

The defendant Peter Bloomingdale made default; the defendant Frances defended.

*George H. Hiller* and *Hobart Krum,* for the appellant.

*George H. Stevens,* for the respondent.

LEARNED, P. J.:

This is an action on a joint and several note, dated April 1, 1876, signed by two persons who are husband and wife. The wife defends. After a verdict for plaintiff at the Schoharie Circuit, in October, 1883, the justice who tried the cause granted an order in September, 1884, setting aside the verdict on his minutes. There is no question of excessive damages. It cannot be said that the verdict was against evidence. From the opinion of the learned justice it seems that he set it aside because of his refusal to nonsuit and for error in his charge.

There was testimony given on the plaintiff's behalf that the consideration of this note of $2,000, was $700 cash and a previous note of $1,300. The plaintiff testified that she saw the defendant Frances and talked with her before lending the $700; that Frances said they wanted the money to get goods, that she was running the store and would see the money paid; that she had as much interest

in the store as her husband had; that thereupon the plaintiff let them have the $700, and delivered up the $1,300 note and received the note in suit.

The defendants stated that the $1,300 note was lost, and parol evidence was given of its contents. The plaintiff testified that the $1,300 note was signed by both defendants; that defendant Frances, before signing, said they were good for it; that they wanted it to put in goods; that she said she had an interest in the store the same as her husband had.

The defendants moved for a nonsuit at the close of plaintiff's case. and then gave evidence tending to contradict the plaintiff's testimony, The court charged that, if the plaintiff loaned the $700 on the representation and statement of defendant Frances that she was interested in the business of the store, plaintiff could recover the $700 and interest; that, if the prior note was signed by the defendant Frances, she saying at the time that she was interested in the business, plaintiff could recover the whole.

From the opinion of the learned justice we are informed that the question presented on the motion for a new trial was this: " Are the contracts of husband and wife, professing to be made by them as partners in business, enforceable against the wife?" As the learned justice answered this in the negative, he granted a new trial.

Now it is to be noticed that the note in suit is not a partnership note. No question arises as to the power of one partner to bind another, or as to the preferences of debts of a partnership in respect to partnership property, or the like. Whether these defendants had in fact been acting as partners; whether, if so, they had all the rights and liabilities of partners as between themselves and as to the world; these may be interesting questions, but they are not necessarily involved in this case. The note in suit is joint and several. The liability of the defendant Frances must depend on her acts and doings, and not necessarily on the question whether the arrangement between her and her husband had all the characteristics of a legal partnership.

There are three cases where a married woman may bind herself by contract, which are material here: First. When the obligation was created by her in or about the carrying on her trade or business. Second. When the contract relates to or is made for the benefit of

her separate estate. Third. When the debt was created for property purchased by her. (*Saratoga County Bank* v. *Pruyn*, 90 N. Y., 250.) This decision was prior to chapter 381, Laws of 1884. The words "property purchased by her," includes money borrowed by her. (*Tiemeyer* v. *Turnquist*, 85 N. Y., 516.) The liability to pay for goods purchased must include a liability to pay for money borrowed. (*Martin* v. *Roberts*, 39 N. Y. Sup. Ct. [30 Hun,], 255.)

Now if a married woman may borrow money and become thereby liable to pay it, we see no reason why she may not do this jointly with some other person. And it does not matter whether this other person is her husband or not. It would be unreasonable to say that she alone might make a purchase or borrow money, but that she could not do these acts jointly with another. And if with another, then why not with her husband?

But again, a married woman is liable when the obligation is contracted in carrying on her trade and business. Now if she may carry on a business, may she not employ agents in doing this? And if she can employ agents, can she not give them an interest in her business? Would she cease to be liable on a contract made in carrying on her business, if it should be shown, by way of defense, that some other person had an interest in the business? That fact might, or might not, make the other person liable for the debts of the business; but would it relieve her? Even if the interest of that other person was such that, as to the world he was a partner, clearly she would be liable still.

There is still another principle. One who is able to contract must be able to estop himself by statements made while contracting. This principle lies at the bottom of fair dealing, and a married woman is as much bound to deal fairly as is anyone else. (*Scott* v. *Otis*, 32 Sup. Ct. [25 Hun], 33; *Bodine* v. *Killeen*, 53 N. Y., 93; *Knowles* v. *Toone*, 96 id., 534.)

This present case was left to the jury on the questions as to the statements made by defendant Frances when she borrowed the money; whether she borrowed the money, and borrowed it expressly for a business in which she alleged that she was interested. If she was interested in the business (in the sense in which that language was then used), then the business was her's, even though the other defendant was also interested therein.

In the opinion given by the learned justice in this case it is said, that in order to recover on this note it was necessary to show that it was given in or about a trade or business carried on by the wife, or that it was for the benefit of her separate estate. There is, however, still a third case in which she may be bound, viz., when the debt was created for property purchased by her. (*Cashman v. Henry*, 75 N. Y., 103.) And in *Tiemeyer* v. *Turnquist (ut supra,* 522) it is shown, as is above stated, that such "property" may be money.

The argument used by the defendants is briefly that the right of a married woman to deal with her *separate* property, to carry on business, etc., on her *sole* and *separate account,* and to have her earnings therein as her *sole* and *separate* property, prevents her from being a partner with her husband; because parnership implies *joint* property. But if a married woman borrows money on her own personal obligation, stating that she has a business in which she is interested, and if she puts that money into a business carried on *in fact* by herself and her husband, does that disposition of the money afford any reason why she should not pay her debts? "The law does not dictate what she shall do with the money when it becomes her own." "It is none the less her separate property because she * * * consumes it for the benefit of others as well as herself." (*Tiemeyer* v. *Turnquist, ut supra.*)

Admit that these defendants attempted to form a partnership; that each put in some money; that both were to share in the profits. Admit too that thereby the defendant Frances lost all she put in, by its being mingled with property of her husband and ceasing to be separate. That is the most favorable position for her. Shall she be permitted to refuse payment of money which she borrowed on her own credit and on a statement that it was to go into business in which she had an interest? Certainly not. The defendant Frances says in effect: "I borrowed this money in my own name. I said it was to go into business in which I had an interest. I put it into that business, but I had no right to go into that business with my husband, and therefore I decline to pay my debt."

We are not prepared to say that husband and wife cannot form a business partnership. If in point of fact they do this (or attempt o do this), various questions as to their liability to each other and

to third persons, may arise; which will be decided when occasion requires. We are certainly not willing to say that such an attempted partnership would deprive the wife of all of her separate money which she might put in, and that such money would at once become her husband's. If not, and if she would still retain a right to the money which she had put into the business, it might be difficult to say that a partnership to some extent did not exist. It is better to decide on the rights of the husband and of the wife and of third parties as the questions respecting these rights arise, and not to affirm generally that no partnership can be formed.

We suppose that the words "sole and separate" are intended to exclude the marital power which the husband formerly had. They do not prevent the wife from owning property in common with others, or jointly. Nor do they prevent her from employing her husband as agent, and thus giving him power over her separate property. We should think that two married women might be partners in business, and yet that the property of each could be called "sole and separate." And were it necessary to the decision of this case, we should probably agree with the doctrine of *Zimmermann* v. *Erhard* (58 How., 11), and *Graff* v. *Kinney* (15 Abb. N. C., 399, affirmed, 37 Hun, 405), and not with the doctrine of *Kaufman* v. *Schoeffel* (37 Hun, 140).

The case of *Coleman* v. *Burr* (93 N. Y., 17), referred to household duties of the wife, and does not bear on the question here involved.

The order should be reversed, with costs.

LANDON, J., concurred.

Order granting new trial reversed, with costs.