### WIGHTMAN v. SCHLEIFER.

*(Supreme Court, General Term, First Department.   March 31, 1892.)*

DOWER—RELEASE TO HUSBAND.
    A release of dower by a wife direct to her husband will not enable him, by his sole deed, to convey the land free of her dower right, since, if the release is at all effectual, the husband becomes vested with a fee simple, and the dower right immediately reattaches by operation of law.

Case submitted on agreed statement.

Action by Andrew J. Wightman against Henry Schleifer for specific performance. Judgment for plaintiff.

The agreed statement showed that defendant, being the owner in fee and possessed of certain real property in New York city, agreed on September 1, 1891, by a written contract, to convey the same to plaintiff on certain terms therein set out, $200 being paid as a deposit on the execution of the contract. At the time fixed for executing the conveyance, defendant tendered a deed, in which his wife did not join, accompanied by a release of dower, executed by his wife to him November 13, 1890. Plaintiff demanded judgment that defendant specifically perform the contract, and, if he could not make good title, pay to plaintiff the deposit of $200, interest, and expenses. Defendant demanded judgment that plaintiff accept the deed, and release and pay the balance of the purchase money.

Argued before VAN BRUNT, P. J., and O'BRIEN and INGRAHAM, JJ.

*Jose E. Pidgeon,* for plaintiff.  *George H. Bruce,* for defendant.

PER CURIAM. Assuming that the release from the defendant's wife to the defendant, executed November 13, 1890, was at all effectual, on the delivery of that release, the defendant became the owner of the property, and his wife became entitled to her dower therein. The right of dower does not depend upon any agreement between the parties, but is an incident of an estate in fee simple. The moment such an estate vests in the husband, the wife's inchoate right of dower attaches thereto, and such right of dower existed at the time of the attempted conveyance by the defendant to the plaintiff. The plaintiff is therefore entitled to judgment, with costs. All concur.