Matter of the Estate of John C. Shulenburg, Deceased.

(Surrogate's Court, Montgomery County, January, 1921.)

Exemptions — when widow not estopped from claiming her statutory right — husband and wife — dower — Code Civ. Pro. § 2670.

Where in 1889, about a year after their marriage, the wife of decedent, who died in 1920, executed a release of her dower and other rights which she had or might have in and to his property, and it appears that no children were born of the marriage; that since the execution of the contract the parties

had lived separate and apart, and that the wife had never demanded or received any support or maintenance from him, it must be held, under section 2670 of the Code of Civil Procedure, that he died having a family, and that the wife was not estopped from claiming her statutory right to have certain property set apart to her as widow.

PROCEEDING under section 2671, Code of Civil Procedure, to compel executor to set apart property for the petitioner.

Irving Moyer (Charles D. Thomas, of counsel), for petitioner.

George C. Butler, for George Shulenburg, executor of the last will and testament of John C. Shulenburg, deceased.

SPONABLE, S. This is a proceeding instituted by the petitioner under section 2671 of the Code of Civil Procedure to compel the executor to set apart property for the petitioner as provided by section 2670 of the Code of Civil Procedure.

The petitioner was the wife and is the surviving widow of John C. Shulenburg to whom she was married at the city of Buffalo, N. Y., on the 21st day of October, 1888. John C. Shulenburg died at the town of St. Johnsville, Montgomery county, N. Y., on the 17th day of August, 1920, being at the time of his death a resident of said Montgomery county and leaving a last will and testament in which George Shulenburg was named as sole executor, which will was admitted to probate by this court on the 20th day of September, 1920, and letters testamentary thereon were issued to said George Shulenburg who qualified as such executor and entered upon the discharge of the duties of his office. An appraisal of the property

of said deceased was made by appraisers appointed by this court and an inventory was thereafter filed, which inventory shows that deceased left personal property of the kind and character specified in section 2670 of the Code of Civil Procedure and further shows that said executor and the said appraisers failed to set apart in said inventory any property for the petitioner herein.

After the marriage and on November 25, 1889, the petitioner executed the following instrument:

" FULTON COUNTY, *ss.:*

" *Know all men by these presents* that I, Anna Shullenburg wife of John C. Shullenburg both of the Town of Stratford, County aforesaid, for and in consideration of the sum $29.50 to me paid by my husband John C. Shullenburg have granted remised and released and forever quit-claim and by these presents do grant, remise and release and forever quit-claim unto the said John C. Shullenburg his hers & assigns forever all the dower and thirds right and title of dower and thirds and all the other rights, title interest property claim and demand whatsoever in law and in equity of me the said Anna Shullenburg of in and to all the real and personal estate and property now in possession of the said John C. Shullenburg and that which he may hereafter acquire so that neither I the said Anna Shullenburg my heirs, executors administrators nor any other person or persons for me them or any of them shall have claim challenge or demand or pretend to have claim challenge or demand any dower or thirds or any other right title claim or demand or in or to the said premises and property but thereof and therefrom shall be utterly debarred and excluded forever, by these presents.

"*In witness whereof* the said Anna Shullenburg shall hereunder set her hand and seal this 25th day of November, 1889.

"Signed, sealed and delivered in presence of CHARLES J. AUSTIN.     JOHN C. SHULLENBURG.

"ANNA SHULINBURG  [L. S.]

"STATE OF NEW YORK,⎱
"COUNTY OF FULTON, ⎰ *ss.:*

"John C. Shulenburg being duly sworn deposes and says that he is one of the subscribing witnesses to the deed or conveyance hereto annexed. That deponent was present at the time of the execution of the same and saw Anna Shulenburg sign her name thereto.          "JOHN C. SHULENBURG.

"Subscribed and sworn to before me this 14 day of Jan. 1897.

"FRANK E. GOULD, *Notary Public.*

"Recorded, January 14th, 1897, at 4 h P. M.
              "C. H. BUTLER, *Clerk.*"

It appears that there were no children born of the marriage of petitioner and testator and that petitioner and testator have not lived or cohabited as husband and wife but have lived separate and apart and that petitioner has never demanded or received from said testator any support or maintenance since November 25, 1889, the date of the execution of the said instrument.

It is contended on the part of the executor that the petitioner is not entitled to have set apart for her as the widow of testator any of the property of which testator died possessed, as provided by section 2670 of the Code of Civil Procedure for the reason that by petitioner's signing and delivering said instrument, leaving decedent's bed and board and living separate

and apart from him for thirty-one years and making no claim whatever against him for her support and maintenance, testator did not die leaving a family within the meaning of section 2670 of the Code and that petitioner is estopped from recovering any portion of testator's personal property and have the same set apart to her under the provisions of said section.

In accordance with the decisions in this state in construing the meaning of section 2670 of the Code based upon similar facts as those which confront me in this case, John C. Shulenburg died having a family. *Matter of Shedd,* 60 Hun, 367; *Oberndorf* v. *Farmers Loan & Trust Co.,* 71 Misc. Rep. 64.

The instrument executed by the petitioner November 25, 1889, to her husband, the testator, was an attempt on her part to release unto the testator, his heirs and assigns, all her dower and other rights which she had or might have in and to testator's property, in other words, it was a contract between husband and wife. Is it a good and valid contract and one which might be enforced by either party to it? At common law no contract made between husband and wife was enforceable. *Hendricks* v. *Isaacs,* 117 N. Y. 411.

Only so far as the inability of husband and wife to contract at common law has been abrogated by statute can they contract in this state, therefore, the legal effect of this instrument must be determined under and by the provisions of chapter 381 of the Laws of 1884, which provide:

" Section 1. A married woman may contract to the same extent, with like effect and in the same form as if unmarried, and she and her separate estate shall be liable thereon, whether such contract relates to her separate business or estate or otherwise, and in no case shall a charge upon her separate estate be necessary.

" § 2. This act shall not affect nor apply to any contract that shall be made between husband and wife."

The purpose of this statute was to secure to married women, free from control of her husband, the earnings and profits of her own business and her own labor and services carried on and performed on her own and separate account which at common law would have belonged to her husband. *Suau* v. *Caffe,* 122 N. Y. 308–320.

This act of the legislature gave to contracts between husband and wife no force or effect other than they had at common law and as the contract is void and of no effect under the law as it existed at the time the petitioner could not and did not release to her husband, the testator, or to his heirs or assigns, any of the claims or rights to his property that she has under section 2670 of the Code and to the exempt articles which she seeks by this proceeding to have set aside to her. *Wightman* v. *Schliefer,* 18 N. Y. Supp. 551; *Dworsky* v. *Arndtstein,* 29 App. Div. 274; *Saratoga County Bank* v. *Pruyn,* 90 N. Y. 250; *White* v. *Wager,* 25 id. 328; *Graham* v. *Van Wyck,* 14 Barb. 531; *Crain* v. *Cavana,* 36 id. 410; *Townsend* v. *Townsend,* 2 Sandf. 711; *Lawrence* v. *Lawrence,* 32 Misc. Rep. 503.

The facts in this case are rather unusual, both parties, no doubt, having entered into this contract in good faith and believing at the time that the same was valid and although petitioner and testator have lived separate and apart for a period of approximately thirty-one years yet I must conclude and decide that the petitioner is not estopped from claiming her rights under the statute as widow of the deceased.

Decreed accordingly.